## Nicholas Martin et al. v. Patrick J. Sexton.

## A. H. Blackall et al. v. Same.

1. CHATTEL MORTGAGES—*Statute as to, Must be Followed.*—An agreement conveying personal property and having the effect of a mortgage is invalid as to subsequent purchasers and incumbrancers if the possession of the property remains with the grantors and the agreement is not acknowledged and recorded as required by statute.

2. SAME—*Change of Possession on Default.*—In a suit involving the right to certain personal property covered by two chattel mortgages the court reviews the evidence and holds that the possession of the bookkeeper of the mortgagor acting as agent for one mortgagee was not sufficient under the circumstances as against the other mortgagee, and that a seizure of the property by the latter gave him a prior lien.

3. PLEADING—*Pleadings Construed Most Strongly Against the Pleader.*—That any pleading must be construed most strongly against the pleader is elementary; and under this rule, where the validity of a chattel mortgage is attacked, the mortgage should be set out or facts shown from which the court can see that it is invalid.

4. APPEALS AND ERRORS—*Pleadings Filed After Order Appealed*

*From is Made.*—On an appeal from an original order appointing a receiver, the court can not consider amended or supplemental bills filed after the appointment.

**Bill,** to foreclose a chattel mortgage and for other relief.  Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge. presiding.  Heard in this court at the October term, 1897.  Reversed and remanded.  Opinion filed October 21, 1897.

FLOWER, SMITH & MUSGRAVE, attorneys for appellants Nicholas Martin and James B. Gascoigne.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellants A. H. Blackall & Son, A. H. Blackall, E. S. Blackall and L. M. Blackall.

M. KAVANAGH and ALEX. S. BRADLEY, attorneys for appellee.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

These cases are appeals from an order appointing a receiver, and were consolidated and heard on one record, the same abstracts and briefs.

Appellee filed a bill against all of the appellants, in which he alleged that he made an agreement September 22, 1896, with appellants Blackall & Son, a corporation, A. H. Blackall, E. S. Blackall and L. M. Blackall.  According to the allegations of the bill, this agreement is a conveyance of personal property having the effect of a mortgage; provides for the possession of the property to remain with the grantors, and has been neither acknowledged nor recorded, as required by Rev. Stats. of Ill., Ch. 95, Secs. 1–4.

July 15, 1897, appellant E. S. Blackall, acting for said corporation, and the other Blackalls, agreed with said Sexton that one Rose Gifford, who was then employed as bookkeeper in said business, should have and keep the custody and possession of said property, take all cash received in said business and turn it over to said Sexton, who should pay necessary bills and carry out said agreement.  She was, it is alleged, placed in charge and possession accordingly,

but what possession and charge she had is not shown by any facts alleged, except that she had the key to the store where the business was conducted. There is no showing but that there were other keys to the store, nor that the business was not conducted the same as previously.

July 20, 1897, appellant Martin, with other persons, entered said store and demanded possession of all the said property, and appellant A. H. Blackall then gave possession of said store and property to said Martin. Said Martin and Blackall then required and compelled said Gifford to leave and give up possession of said store and property, and took forcible possession of the same, and the same were, at the filing of said bill, in the possession of said Martin, and he was carrying on said business. Said Sexton was wholly excluded from any possession or control of said store, property, business and cash receipts.

The bill alleges that said Sexton does not know the full nature of said Martin's claim, but that he claims to have taken possession by virtue of some mortgage, and that said Sexton is informed and believes that said Martin is acting in collusion with said Blackalls and under color of a pretended mortgage executed by said corporation to said appellant Gascoigne as trustee on or about April 30, 1897, with intent to hinder, delay and defraud said Sexton, which mortgage purports to convey to said Gascoigne the same property conveyed to said Sexton, and that it was recorded in the records of Cook county in book 5492, p. 338, and it, or a copy thereof, would be produced at the hearing.

It is further alleged that if said Martin or Gascoigne has acquired any interest, legal or equitable, in said property as against said corporation, yet that such interest has accrued since said conveyance to said Sexton, and is subject to the rights of said Sexton by virtue of said conveyance and agreement. No fact is alleged as to why it is a pretended mortgage, nor why the interest, if any, of Martin or Gascoigne is subject to the rights of Sexton.

That the allegations of any pleading must be taken most strongly against the pleader is elementary. For aught that

appears by any allegations of fact in the bill, the mortgage to Gascoigne was properly executed, acknowledged and recorded, and is a valid and subsisting lien, superior to that of Sexton; but if that is not true, at least enough appears to show that it is a mortgage executed by the corporation and good between it and Gascoigne, and since Sexton has failed to set it out or show any fact from which this court can see that it is invalid, it must be taken to be of equal validity to the agreement with Sexton. The agreement with Sexton is invalid as to subsequent purchasers or incumbrancers because it was not acknowledged and recorded. Rev. Stat. Ill., Ch. 95, Sec. 1; Blatchford v. Boyden, 122 Ill. 668; Frank v. Miner, 50 Ill. 447.

The possession of Rose Gifford, she being the bookkeeper of the Blackalls, under the circumstances above stated, was not sufficient as against Martin and Gascoigne. Richards v. Matson, 51 Ill. App. 530, and cases cited.

The possession of Martin is alleged to be complete, and that he was carrying on said business at the time of filing the bill. This makes his right superior to that of Sexton. See Frank v. Miner, 50 Ill. 447, in which the Supreme Court says, with regard to two mortgages, each of which had been acknowledged in a precinct different from that in which the mortgagor resided: "It then follows that neither mortgage acquired any advantage over the other by priority in date, or other act in procuring their mortgages. They were void as to each other as well as to all others; but being governed by the common law, the mortgages would become valid and binding as to subsequent creditors and purchasers so soon as the property was reduced to possession by either mortgagee, under and in pursuance to the terms of his mortgage, and Garretson was the first in the race to get the possession." Garretson was in this case the junior mortgagee.

The appeal being from the original order appointing the receiver, we can not consider the amended and supplemental bill filed after he was appointed, but when it is considered in connection with the affidavits in the record, a

receiver should not have been appointed, because its additional allegations are met by statements in the affidavits.

It is unnecessary, from the views expressed, to consider the other questions discussed by counsel.

The order appointing the receiver will be reversed and the cause remanded.