GOMER E. HIGHLEY

*v.*

ROYAL E. DEANE *et al.*

*Opinion filed November 1, 1897.*

1. COSTS—*chancellor's discretion in taxing costs is reviewable.* A chancellor, in taxing or apportioning costs in chancery, exercises a legal discretion, which may be reviewed on appeal, if equitable principles are not observed.

2. SAME—*costs of receivership may be taxed against the party asserting wrongful claim.* The costs of a receivership incurred by reason of the assertion of a claim finally found to be wrongful, may properly be taxed against the party asserting such wrongful claim, instead of being taken from the receivership funds.

3. APPEALS AND ERRORS—*when decree will be affirmed because of the incompleteness of record.* A decree will be affirmed on appeal, where its correctness depends upon facts of which the appellate tribunal is left in ignorance by reason of the incompleteness of the record.

4. SAME—*when facts to support cost order will be presumed.* On a record incomplete for want of a certificate of evidence, a court of review will not disturb the order taxing the costs of a receivership to a complainant who was defeated and who received none of the funds, if a state of facts might exist to justify the order.

*Highley* v. *Deane,* 64 Ill. App. 389, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

"In the spring of 1893 Bramhall, Deane & Co., Schlesinger & Mayer and the Berkey & Gay Furniture Company sold and delivered household goods to the Calumet Association to equip its hotel in Chicago, known as the 'Rossmore Hotel.' The purchaser executed to each of these firms chattel mortgages on the goods sold by each, to secure payment of the purchase price thereof. These liens, except that of Schlesinger & Mayer, were kept in force of record until May 1, 1894. That of Schlesinger & Mayer had been allowed to expire prior thereto. In

March, 1894, the Calumet Association executed and delivered to Gomer E. Highley two judgment notes, payable on demand after date, aggregating $6000. On April 30, 1894, said association executed a chattel mortgage on all the household goods in said hotel, which was filed for record on May 1, at 9 A. M. On May 1 the association executed to the Berkey & Gay Furniture Company and to Bramhall, Deane & Co. chattel mortgages for the indebtedness then due each on the property covered by their former mortgages, respectively. These instruments, duly acknowledged, were filed for record, respectively, on May 1, 1894, at 3 P. M., and on May 3 following.

"Deeming itself insecure, Bramhall, Deane & Co., on or about the 29th day of June, 1894, took out a writ of replevin for the property described in their mortgage, whereupon Gomer E. Highley filed in said court his bill to foreclose his mortgage, and secured a preliminary injunction restraining Bramhall, Deane & Co. and James H. Gilbert, sheriff, from removing or further interfering with said property, which was duly served upon the said James H. Gilbert July 5. The complainant afterwards filed an amended bill, praying foreclosure of his mortgage and an injunction, and making additional parties defendant. Bramhall, Deane & Co., Schlesinger & Mayer, the Berkey & Gay Furniture Company, James H. Gilbert, sheriff, and all parties in interest, were made defendants and brought within the jurisdiction of the court. The first three only are concerned in this appeal. Each of these filed an answer, setting up its or their own mortgage, charged want of consideration for complainant's notes and mortgage, charged that they were executed with a fraudulent intent, common to both the complainant and the Calumet Association, to defraud creditors of the said association, and averred priority and validity of their own mortgages. Each of said defendants filed a cross-bill, in which they make the same charges contained in their said answers, set up their own mortgages

and the consideration therefor, and pray that the same be foreclosed, and that the property described in each be delivered up to them, respectively, or sold and the proceeds paid over to them.

"July 9, 1894, on the application of the Berkey & Gay Furniture Company, the court appointed the Chicago Title and Trust Company receiver for the property covered by its mortgage, whereupon, at the request of the complainant, the other parties not objecting, the court extended the receivership to cover all the property described in the bill then filed. The said trust company qualified as receiver, and thenceforth acted as such until discharged by the court below on the day when its final decree was entered.

"The court, upon hearing, found that the mortgage of complainant was fraudulent and void as to the cross-complainants; that the mortgage asserted by each cross-complainant was valid and a prior lien to that of complainant; dismissed complainant's bill; decreed that the receiver pay to each of the said cross-complainants the proceeds of the sale of property mortgaged to each, respectively; that complainant pay the costs of the proceeding and costs and expenses of the receiver, and that complainant pay to each, as a deficiency, the receiver's charges and expenses by it paid, out of the proceeds of sale of said property, as follows: To Berkey & Gay Furniture Company, $337.53, to Bramhall, Deane & Co., $75.01, and to Schlesinger & Mayer, $87.52, and that each have execution therefor; whereupon complainant moved to set aside the said decree so far as it allows receiver's costs against said complainant. At the September term following, the court overruled said motion, and, the said defendant having applied to the court to set aside the order overruling the said motion, the court at said term denied said motion, and allowed the complainant's prayer for appeal, which was accordingly taken to the Appellate Court."

The foregoing statement made by the Appellate Court correctly sets forth the facts. We add thereto that no evidence taken on the hearing is incorporated in the record. The Appellate Court affirmed the decree of the circuit court, and this appeal is prosecuted.

GEORGE S. STEERE, (H. W. WAKELEE, of counsel,) for appellant:

The discretion of the chancellor in apportioning costs is a sound legal discretion, which must be exercised according to the principles of equity, otherwise his order is subject to review, on appeal. *North* v. *Roodhouse*, 52 Ill. App. 17; *Mecartney* v. *Morse*, 137 Ill. 484.

The general rule is, that expenses of a receivership should be paid out of the fund in the hands of the court. 20 Am. & Eng. Ency.of Law, 180, 181, and cases in note 1; *Heise* v. *Starr*, 44 Ill. App. 409.

Some courts have held that where the appointment of a receiver was illegal and was set aside on appeal, the expenses of the receivership might be taxed as costs against the party on whose motion the receiver was appointed. *Einstein* v. *Lewis*, 54 Ill. App. 520; *Myers* v. *Frankenthal*, 55 id. 396; 20 Am. & Eng. Ency. of Law, 181.

There are, however, authorities which do not support this rule. *Hopfensack* v. *Hopfensack*, 61 How. Pr. 508.

The facts in this case do not come within the above rule. *Ferguson* v. *Dent*, 46 Fed. Rep. 88; *Beckwith* v. *Carroll*, 56 Ala. 12; *Jaffray* v. *Raab*, 72 Iowa, 335; *Johnson* v. *Garrett*, 23 Minn. 565.

MORAN, KRAUS & MAYER, for appellees Schlesinger & Mayer:

A distinction has been made by the courts between the compensation of the receiver and the expenses which he incurs in taking care of the property. *French* v. *Gifford*, 31 Iowa, 428; *St. Louis* v. *Gas Light Co.* 87 Mo. 223; 11 Mo. App. 237; *Brundage* v. *Home Loan Ass.* 39 Pac. Rep. 669.

The only motion made to set aside the final decree was the one of July 13, 1895, which was continued until the July term, and the record discloses no disposition of that motion. The order appealed from, therefore, is in no sense an appealable order. Elliott on Appellate Proc. sec. 81; *Martindale* v. *Brown,* 18 Ind. 284.

The question of the taxation of receiver's fees and expenses rests within the equitable discretion of the chancellor, and in two late cases the Appellate Court has ordered that the costs and expenses of the receivership should be charged against one of the parties to the proceeding. *Einstein* v. *Lewis,* 54 Ill. App. 520; *Myers* v. *Frankenthal,* 55 id. 396.

FLOWER, SMITH & MUSGRAVE, for appellees the Berkey & Gay Furniture Company:

The transcript of the record is not complete. It may well be that the depositions on file, which in a chancery case are part of the record, contain evidence which would warrant the entry of this decree, even though no ground therefor appears in the present record. If the record is not complete, all this court can do is to affirm the decree. *Atkinson* v. *Steel Co.* 35 Ill. App. 418; *Alling* v. *Wendell,* 46 id. 562; *North* v. *Alles,* 50 id. 266; *Tolman* v. *Dreyer,* id. 243; *Tolman* v. *Wheeler,* 57 id. 342; *Deimel* v. *Parker,* 59 id. 426; *Knapstein* v. *Tinnette,* 57 id. 570; *VanMeter's Heirs* v. *Lovis' Heirs,* 29 Ill. 488; *Heffron* v. *Rice,* 50 Ill. App. 332; *Rowan* v. *Bowles,* 25 Ill. 113; *Bertrand* v. *Taylor,* 87 id. 235; *Culver* v. *Schroth,* 153 id. 437; *Frink* v. *Phelps,* 4 Scam. 558.

There is nothing before this court, for an order denying a motion to vacate an appealable order cannot be appealed from. The appeal must be taken from the original order. *Clapp* v. *Attleburg,* 6 N. Y. Sup. 510; *Lockwood* v. *Bock,* 46 Minn. 73; *Brown* v. *Thresher Manf. Co.* 44 id. 322; *Larkin* v. *Larkin,* 76 Cal. 323; *Insurance Co.* v. *Webber,* 2 N. Dak. 239.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

No certificate of evidence having been incorporated in the record, this court has no means of determining whether the discretion exercised by the chancellor in decreeing that the costs of the receiver should be paid by the original complainant, whose bill was dismissed, was or was not properly exercised. The evidence upon which the decree was entered not being before this court, it must be presumed it was sufficient to justify and support every finding in the decree. Where the record is incomplete and the correctness of the decree is dependent upon facts not before this court, we can but affirm. *Frink* v. *Phelps*, 4 Scam. 580; *Heffron* v. *Rice*, 50 Ill. App. 332; *Rowan* v. *Bowles*, 25 Ill. 97; *VanMeter's Heirs* v. *Lovis' Heirs*, 29 id. 488; *Bertrand* v. *Taylor*, 87 id. 235; *Culver* v. *Schroth*, 153 id. 437.

The discretion of the chancellor in taxing or apportioning costs is a legal discretion, to be exercised according to equitable principles, otherwise it is a subject for review. (*Mecartney* v. *Morse*, 137 Ill. 481.) But the taxing of costs must always be determined from the facts and circumstances of each particular case, and before it can be reviewed by this court the record must disclose the facts and circumstances which induced the entering of the order. We can only, therefore, determine whether a case may exist in which the chancellor would be authorized to charge the defeated party with the costs attendant upon the expense of a receivership.

Whilst the general rule is that the costs of the receivership must be paid out of the funds in his hands as an officer of the court, yet there are exceptions to this rule. From what appears in the decree the appointment of the receiver resulted from the institution of suit by the appellant, whose bill was for injunction and relief, and growing out of which the appointment resulted. It further appears from the decree that the claim asserted by

the appellant was fraudulent and void, and his bill was dismissed. So far as the appellant was concerned, the appointment was one resulting from his act in filing a bill which could not be sustained in attempting to assert a fraudulent claim against the defendants thereto. All the property in controversy was held to belong to the appellees, some of whom were asserting a right to it at law when appellant's bill was filed. This action of appellant rendered necessary the appointment of a receiver to have the custody of the property. The law is not so powerless that a court of equity may be invoked to sustain an unjust claim, and when it necessarily takes charge of property by its receiver, can only pay that receiver out of the funds in his hands, and as to the receiver's charges must let the person who rendered necessary the appointment go free of costs and have the costs paid out of the proceeds of an innocent party's property. Such a rule would imply that an innocent party, after vindicating his right to his property, might have it taken to pay an expense resulting from the wrongful act of the defeated party. Where the receivership is procured under the assertion of an unjust and wrongful claim, as finally found by the court, and the receiver is authorized to take possession of the property of another on such wrongful assertion, the court can protect the injured party by returning the property of which he was divested without its being diminished to pay receiver's charges. *Weston* v. *Watts,* 45 Hun, 419; *French* v. *Gifford,* 31 Iowa, 228; *Verplank* v. *Mercantile Ins. Co.* 2 Paige, 438; *Radford* v. *Folsom,* 55 Iowa, 295.

As there may therefore occur cases where the costs of the receivership may well be taxed to the defeated party, we hold, as there is no evidence contained in the record, that this case comes within such class of cases.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*