## J. Alexander McAnson v. Nicholas Martin.

1. RECEIVER—*Compensation of, Where Improperly Appointed.*— Where a receiver has been improperly appointed, and the order appointing him is vacated or reversed, he should not be permitted to reduce the assets by withholding any part thereof for his compensation or for the fees of his attorney.

**Appeal,** by a receiver from an order denying him compensation and attorney fees out of the receivership fund of the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1898. Affirmed. Opinion filed May 22, 1899.

**Statement of the Case.**—This is an appeal by a receiver from an order denying him compensation or attorney's fees out of the receivership fund.

Upon a bill of complaint filed by one Sexton against Blackall and others, appellant was appointed receiver *pendente lite* of certain mortgaged chattels.

Appellee appealed from the interlocutory order appointing the receiver, and this court reversed the order, holding that the receiver had been improperly appointed. Martin v. Sexton, 72 Ill. App. 395.

The Superior Court, thereafter, and upon the mandate of this court, vacated the appointment of the receiver and directed that appellant, the receiver, turn over to appellee all the property in his hands as receiver, except cash, and ordered that he file a report. A part of the order is as follows:

"The court also reserves for future consideration the question of the compensation of the receiver and the disposition of the moneys now on hand or in bank."

Appellant then made his report as receiver, showing the amount in his hands, and asking to be allowed the sum of $1,000 for his own compensation as a receiver, and $350 for his attorney's fees. Appellee objected to such allowance, and averred that the charges were excessive; that the attorney for the receiver was also attorney for one of the litigants, viz., Sexton, and that the receiver was entitled to no compensation out of the funds, but should be paid by the complainant, if by any one, who had wrongfully procured his appointment. The report of the receiver and the objections thereto were referred to a master in chancery to take evidence and report conclusions. After hearing evidence, the master reported that the receiver is not entitled as a matter of law to be compensated from the funds in

his hands as receiver, and included in his report the follow-
ing: "In the event that the court shall hold that I have
erred in finding the law to be as above stated," then to
avoid a re-reference, finds that $450 would be reasonable
compensation for the receiver; that the attorney for the
receiver was not attorney for Sexton, party to the suit; and
that a reasonable fee for such attorney would be $250.
The master's fees for taking testimony and making report
are indicated as $200. A stipulation in the proceeding is
to the effect that the fees of the shorthand reporter may be
included by the master as part of his fees and taxed with
the costs.

The court overruled exceptions to the master's report and
entered the final order appealed from. By that order the
court adjudges that appellant, having been wrongfully
appointed a receiver, at the instance of Sexton, complainant
in the bill of complaint, and the order appointing him hav-
ing been vacated, he is not entitled to retain any of the
funds in his hands as receiver for compensation to himself
or for fees of his attorney; and he is ordered to refund the
sum of $150 already paid by him to his attorney out of the
receivership funds. The court finds that the "reasonable
and just fees and costs of reference" are $200, and decrees
that the amount be taxed as costs against appellant.

MARCUS KAVANAGH and ALEXANDER S. BRADLEY, attor-
neys for appellant.

FLOWER, SMITH & MUSGRAVE, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

That the receiver was improperly appointed, has been
already adjudicated by this court. Martin v. Sexton, 72
Ill. App. 395.

It has been repeatedly held that where a receiver has
been improperly appointed and the order appointing is
vacated or reversed, the receiver should not be permitted to
reduce the assets by withholding any part thereof for com-

pensation to himself or for fees of his attorney.    The latest of these decisions is Highley v. Deane, 168 Ill. 266.

But it is contended by counsel for appellant that no such determination of the matter of the receiver's compensation and his attorney's fees should be made until a final disposition of the cause and an ascertainment thereby of the merits of the controversy.    The decisions in this State do not support this contention.    On the contrary it seems to have been the practice to determine at the time of the ,vacating of the appointment of the receiver and the return by him of the funds and property in his hands, that he should not retain any of such funds by way of compensation for himself or fees for his lawyer.    Einstein v. Lewis, 54 Ill. App. 520; Myres v. Frakenthal, 55 Ill. App. 390; Young v. Ruton, 69 Ill. App. 513.

Objection is made that no reference to a master should have been ordered as to the amount of compensation and attorney's fees until the court had determined whether any such compensation or fees might be allowed.    It might have been a wiser and more economical course to have proceeded as suggested.    But appellant appears to have assented to the reference, made no objection in the trial court, and can not be heard now, for the first time, in this behalf. The master's fees are objected to as costs.    It appears that it was stipulated that the stenographic work should be included as costs.    No sufficient ground is pointed out for holding that the costs taxed are improper.

The decree is affirmed.