## J. ALEXANDER McANROW
### v.
### NICHOLAS MARTIN.

*Opinion filed December 18, 1899—Rehearing denied February 17, 1900.*

1. RECEIVERS—*receiver improperly appointed not entitled to compensation out of the fund.* A receiver appointed under an order which has been reversed on appeal is not entitled to compensation out of the fund in his hands as such receiver.

2. SAME—*court should not enter an order denying receiver compensation from any source.* That the order under which a receiver was appointed is reversed on appeal does not authorize the trial court to enter an order denying him compensation from any source.

3. SAME—*a receiver improperly appointed is entitled to compensation from party procuring appointment.* A receiver appointed under an order procured by the complainant in the suit, which order is reversed on appeal as improper, is entitled to have his reasonable charges and disbursements paid by complainant as part of costs.

4. SAME—*judgment should not be entered against receiver individually.* A judgment, order or decree in a receivership proceeding should not be entered against the receiver individually.

5. SAME—*when fact of master's reporting on receiver's right to compensation is immaterial.* A receiver's report of accounts and disbursements, and the objections thereto, may be referred to the master, and the fact that the latter reports upon the receiver's right to compensation out of the fund is immaterial, where that question is correctly decided by the court in the order entered.

*McAnson v. Martin,* 82 Ill. App. 432, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is an appeal from a judgment of the Appellate Court, affirming an order or decree of the superior court of Cook county entered in behalf of the appellee, Martin, which denied to the appellant any compensation, or attorney's fees, as receiver, in a certain cause, wherein one Patrick J. Sexton filed a bill against A. H. Blackall & Son, a corporation, and A. H., E. S., and L. M. Blackall, and also against the appellee, Nicholas Martin.

The original bill in the case of Sexton against Blackall and others was filed July 23, 1897, and, on the same day, the appellant, J. Alexander McAnrow, was appointed receiver of the property, belonging to the said Blackalls, and of their debts, things in action, books of account, etc., pertaining to their business. Appellant, as receiver, gave bond in the sum of $8000.00, with Patrick J. Sexton, as surety. On July 24, 1897, appellee, Martin, and the other defendants made a motion to vacate the order, appointing a receiver, which motion was then continued.

An appeal was taken to the Appellate Court from the order appointing appellant receiver. The Appellate Court decided that the receiver should not have been appointed, and, on October 22, 1897, reversed the order appointing a receiver, and remanded the cause "for such other and further proceedings as to law and justice should appertain," but did not otherwise direct what proceedings should be had in the court below.

In the meantime, the complainant, P. J. Sexton, filed on July 24, 1897, an amended and supplemental bill. The bill, as amended, was demurred to. On December 13, 1897, the demurrer of the defendants to the amended bill was overruled, and the defendants were ordered to answer. In due time, appellee, Martin, and all the other defendants filed their answers, to which answers replications were duly filed.

On October 22, 1897, the mandate of the Appellate Court, reversing the order appointing the receiver, was filed in the superior court, and an order was then and there entered, setting aside and vacating the previous order, which had appointed appellant receiver, and directing appellant to turn over to the appellee, Martin, the possession of the premises occupied by him as receiver, and all accounts, notes, goods, etc., except the cash on hand or in bank, held by him as receiver, together with all the books of account pertaining to said business; and it was therein further ordered, that the

court retain jurisdiction of the cause and of appellant, for the purpose of settling and adjusting his accounts as receiver; and the appellant was ordered to file a final report of his acts, as receiver, with the right to have access to the premises and books of account, in order to prepare such report; in said order, the court reserved for future consideration the question of the compensation of the receiver, and the disposition of the moneys then on hand, or in bank.

On October 27, 1897, and November 10, 1897, the appellant filed his reports as receiver, showing his receipts, and disbursements, and the amount of accounts payable, which were afterwards paid by him by order of court. The reports of the receiver showed a balance of cash in his hands, amounting to $2191.91, out of which the receiver, in his report, claimed $1000.00 for his compensation, $200.00 balance of attorney's fees then due, (the whole charge for attorney's fees having been $350.00, of which the receiver had theretofore paid $150.00); and out of which cash balance the receiver also claimed $25.00 for the services of a book-keeper in making up a detailed statement of his accounts. The appellee, Martin, filed objections to the reports of the receiver in November, 1897. Thereupon, the court made an order, directing the appellant, as receiver, to turn over to the appellee the accounts receivable mentioned in his reports; and also ordered that the appellant's reports, as receiver, and the objections of appellee thereto, should be referred to a master in chancery to take evidence, and report the same with his conclusions. The master took testimony and filed his report upon April 12, 1898.

The master found in his report, that the receiver was not entitled to be compensated for his services out of the fund in his hands as receiver, and that he must look to the complainant in the suit, Sexton, therefor, and for all sums expended by him or liabilities incurred by him, as receiver; and that whatever sums were due for the ser-

vices of his solicitor should not be charged against the estate. But the master also found, that, in case the receiver should be held by the court to be entitled to compensation, $450.00 was a reasonable compensation for his services as receiver; that $250.00 was a reasonable charge for the services of his solicitor, and that $15.00 was all that should be paid for the services of a book-keeper in making up a detailed statement of the accounts. The master's fees for taking the testimony and making his report were $200.00, including the fees of a shorthand reporter. It was agreed, as it appears from the record, between the attorneys of the respective parties, that the fees of the shorthand reporter might be included by the master as part of his fees, and taxed with the costs.

Objections were filed to the master's report by the appellee, so far as the report fixed the amount and value of the receiver's services, and so far as it fixed the amount of the solicitor's fee.

On June 28, 1898, the court made a decree or order, that the exceptions to the master's report should be overruled and that the report should be confirmed, except that the court did not pass upon the question, whether the solicitor, who acted for the receiver, was also acting as the solicitor for the complainant; nor upon the question, as to what would be a reasonable compensation to the receiver for his services. But the court found, that the receiver had been wrongfully appointed at the instance of the complainant, and without probable cause; and that, the order appointing him having been vacated, the receiver was not entitled to retain from the funds in his hands any amounts for services of himself, as receiver, or of his solicitor in the matter of the receivership; and it was thereupon ordered and decreed by the court, that the receiver should pay to the appellee, Martin, within five days, the sum of $2191.91 then in his hands, and also the sum of $150.00 previously paid out of such funds to his solicitor, crediting himself with $15.00 paid out for

the services of a book-keeper, making $2326.91; and that, upon satisfactory proof to the court of the payment of said sum of $2326.91, the receiver's report should be approved and confirmed, and the receiver discharged. In the order or decree of June 28, 1898, the court also found that the master's charge of $200.00 was reasonable and had been paid by the appellee, Martin, and that the reference to the master had been caused by the wrongful and excessive claims of the receiver; it was thereupon ordered, that the cost of the reference be taxed against the appellant, J. Alexander McAnrow, and that Nicholas Martin, defendant, recover against McAnrow the said sum of $200.00, and that execution issue therefor. To the entry of this order, McAnrow, as receiver and personally, excepted and prayed an appeal to the Appellate Court, upon his filing bond in the sum of $500.00 within twenty days. In the closing sentence of the order, it was directed that, in case of such appeal, in any event the receiver should pay to said Martin, defendant, of the amounts so found due to him, the sum of $966.91, which was the amount of the fund in excess of any claims made thereto by the receiver or his solicitors.

The order or decree of June 28, 1898, is the order sought to be reviewed by the present proceeding.

ALEXANDER S. BRADLEY, for appellant.

FLOWER, SMITH & MUSGRAVE, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

By the act of June 14, 1897, providing for appeals from interlocutory orders, granting injunctions or appointing receivers, it is enacted that, whenever an interlocutory order or decree is entered, in any suit pending in any court of this State, appointing a receiver, an appeal may be taken from such interlocutory order or decree to the Appellate Court, etc.; and, upon such appeal,

the Appellate Court may confirm, modify or reverse such interlocutory order or decree, and shall direct such proceedings to be had in the court below as the justice of the case may require. The act also provides, that the order, entered upon any such appeal, shall not be reviewable, either by appeal or writ of error. (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3171).

Under and by virtue of this statute, an appeal was taken from the order appointing appellant receiver, and the Appellate Court decided that his appointment was improper, and should not have been made. (*Martin* v. *Sexton*, 72 Ill. App. 395). In view of this decision, and of the action taken under it by the trial court, appellant was not entitled to be paid for his services, as receiver, out of the funds in his hands belonging to the estate. In *Highley* v. *Deane*, 168 Ill. 266, we held that "where the receivership is procured under the assertion of an unjust and wrongful claim, as finally found by the court, and the receiver is authorized to take possession of the property of another on such wrongful assertion, the court can protect the injured party by returning the property, of which he was divested, without its being diminished to pay receiver's charges." If the order appointing a receiver is revoked, and he is directed to return the property to the persons entitled thereto, his compensation, as a general thing, will not be paid out of the funds placed in his hands. When the appointment of the receiver is upon an application adverse to the defendant in the cause, and is without authority of law, the receiver must look for his fees and compensation to the complainant in the suit, upon whose application he was appointed. So, when a receiver obtains possession of money or property under an order, which is afterwards reversed on appeal, and he is required to restore the money to the person entitled thereto, he cannot claim compensation out of the funds in his hands, but must look therefor to the party who secured his appointment. (*Weston* v. *Watts*, 45 Hun,

219; *French* v. *Gifford*, 31 Iowa, 428; *Verplank* v. *Mercantile Ins. Co.* 2 Paige, 438; *Radford* v. *Folsom*, 55 Iowa, 276).

The trial court was, therefore, correct in holding and decreeing, that appellant was not entitled to be paid out of the fund in his hands, as receiver, for his own services, or for the services of the solicitor employed by him. But it does not necessarily follow, that, because appellant was not entitled to be paid out of the fund belonging to the estate, he was not entitled to be paid at all. Sexton, the complainant in the suit, procured the order appointing appellant receiver, and, this order having been reversed by the Appellate Court, appellant was entitled to have his costs paid by Sexton, the complainant in the suit. The decree or order, however, which was entered by the trial court, denied to him the payment of compensation from any source. We think that this ruling was erroneous.

The trial court had before it testimony, from which it could easily determine what was a just compensation to be paid to the receiver for his services, and what was a reasonable fee to be allowed his solicitor for the latter's services. Hence, the court, upon the final disposition of the cause, should have ordered the complainant in the suit to pay the receiver's charges and disbursements, as a part of the costs in the case. The order or decree here was against appellant individually and not as receiver. Judgment should not be entered against a receiver individually. (*McNulta* v. *Ensch*, 134 Ill. 46). Perhaps this entitled the appellant to a right of appeal from the order, so entered against him. It has been held that, if the court appointing the receiver denies him all compensation for his services, he is entitled to appeal from such order. (High on Receivers,—3d ed.—sec. 796; *Herndon* v. *Hurber*, 19 Fla. 397; *Hinckley* v. *Gilman*, 4 Otto, 467). If, however, the order of the court had been properly entered, as it should have been, so as to require the reasonable charges of the receiver to be paid by the complainant in the suit, who secured his appointment, it would have

been a better practice to dispose of the question of costs upon the final decision of the case upon its merits. Costs depend upon the merits of the case, as made apparent at the final hearing. (*Turley* v. *County of Logan*, 17 Ill. 151). Upon the final determination of the whole case, the amount of the receiver's compensation is generally held to be a part of the costs in the cause, and falls within the meaning of the term "costs," which are awarded to the prevailing party. (*City of St. Louis* v. *St. Louis Gas Light Co.* 11 Mo. App. 241; *City of St. Louis* v. *St. Louis Gas Light Co.* 87 Mo. 223). In case of the illegality of the appointment of the receiver, and where his compensation is to be paid by the complainant who obtains such appointment, the amount of the receiver's compensation should be taxed against the complainant, the unsuccessful party in the cause. (High on Receivers,—3d ed.—sec. 796; *Highley* v. *Deane, supra; Radford* v. *Folsom, supra*).

It is claimed by the appellant, that the trial court should have first determined, whether the appellant was entitled to compensation or fees, or not, before the reference was made to the master, and that the master should not have been required to report, whether or not appellant was entitled to compensation. It is immaterial, whether the master did or did not report upon the question of law, whether the receiver was entitled to compensation out of the funds of the estate in view of the fact that his appointment was improperly made, inasmuch as the court decided that question, and decided it correctly in the order or decree which it entered. The receiver filed his reports, and submitted an account of his receipts and disbursements, and of his claims upon the fund. It was proper to refer his accounts, and the objections filed thereto, to the master. (*Weston* v. *Watts*, 45 Hun, 219; *French* v. *Gifford, supra; Radford* v. *Folsom, supra*).

So far as the master's charge is concerned no sufficient ground is pointed out for holding that the costs taxed for the master's fees were improper. They were allowed

by the court as being reasonable, and so much thereof, as included what was due to the stenographer for taking the testimony in shorthand, was agreed to by both parties.

For the error above indicated, the judgment of the Appellate Court and the decree or order of the superior court of Cook county are reversed, and the cause is remanded to the latter court for further proceedings in accordance with the views herein expressed, the costs of this appeal to be paid by complainant, P. J. Sexton.

*Reversed and remanded.*