## William H. Carroll v. Mary Jane Haigh et al.

1. FORECLOSURE—*Rights of Purchaser.*—A purchaser at a mortgage sale is entitled to have a master's deed of the premises made to him at the expiration of the period for redemption and possession of the premises given to him, or to have given to him during the period of redemption, the purchase money by him paid at the sale, together

Carroll v. Haigh.

with statutory interest thereon up to the time of such redemption, and also any taxes on the premises, with interest thereon up to the time of redemption, which subsequent to his purchase and before redemption he had paid to protect his rights as a foreclosure sale purchaser.

2. SAME—*Payments Made upon Unredeemed Property After Foreclosure Are for the Benefit of the Purchaser.*—Where premises sold at a foreclosure sale have not been redeemed, all payment of ground rent, taxes and insurance made subsequent to the foreclosure sale are payments made upon the property and for the benefit of the purchaser at the mortgage sale.

3. RECEIVERS—*Nature of the Office.*—A receiver is but the hand of the court, and so long as he obeys its orders his action is that of the court. If the receiver is improperly appointed or a receivership improperly continued, the party by whom such appointment was procured or at whose instance such receivership was continued is liable for costs and expenses thus created.

Foreclosure of a Trust Deed.—Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed June 5, 1903. Rehearing denied June 17, 1903.

This writ of error was sued out to reverse an order approving the final report of the receiver of certain premises in the city of Chicago, such receiver having been appointed in a foreclosure proceeding.

The premises consisted of a ninety-nine-year leasehold, improved with a brick building containing twenty-nine stores and flats. The trust deed mortgage foreclosed conveys all the interest and estate of the owners of the leasehold, including the rents; and provides that any rents that may be collected (less a commission of five per cent for collecting) after such sale and before the time of redemption expires, shall be paid to the purchaser or purchasers of said premises at such sale or sales, and such purchasers shall not be required to see to the application of the purchase money.

The plaintiff in error was served by publication and mailing in accordance with the statute and thereafter defaulted for want of appearance. October 25, 1898, the report of the master to whom the cause had been referred was confirmed, and a decree of foreclosure and sale entered in accordance therewith.

On motion of the complainants below, Charles S. Read was appointed receiver of these premises, by an order entered August 18, A. D. 1898, by which he was authorized to take immediate possession of the premises, collect the rents, pay taxes, ground rent, insurance, water taxes, make necessary repairs, lease and rent the same, with the usual powers of receivers in chancery.

On motion of complainants below, December 3, A. D. 1898, an order was made, approving a sale of said premises by the master, the sale being for the entire amount of the decree and leaving no deficiency; the court finding that the income from the premises in question was not more than sufficient to pay the ground rent and fixed charges thereon, and that unless the same were paid the lease would be forfeited; that the receiver under the order of the court was then engaged in making repairs, which ought to be completed and paid for out of the income from said building, and that said leasehold and buildings were purchased by one of the complainants for the use of all the complainants. Thereupon it was ordered that the receiver be continued in office and possession as such receiver during the period of redemption under said sale.

By virtue of the order continuing the receivership, Read remained in possession and management of the premises as receiver until the end of the period of redemption, February 22, A. D. 1900, during which period the court entered additional orders authorizing him to expend $145 for repairs to the roof; $35 for a sidewalk, and to allow $51.62 to the tenant occupying the store for repairs thereon.

The plaintiff in error made no objection to the order creating the receivership nor to any of the subsequent orders relating to its continuance and the management of the property.

March 27, A. D. 1900, the receiver made his final report showing collections of $8,582, and disbursements of $8,154.50, leaving a balance of $427.50 in his hands, which was allowed him as fees by the court. The report was for collections and disbursements from September 1, 1898, to February 22, 1900.

Carroll v. Haigh.

An analysis of this report shows that there was expended as follows:

| | | | |
|---|---|---|---|
| For ground rent | | $4,956 | 16 |
| For taxes | | 1,367 | 66 |
| For insurance | | 680 | 00 |
| For water taxes | | 312 | 38 |
| | | $7,316 | 20 |
| For repairs previously authorized | $145 00 | | |
| For repairs previously authorized | 35 00 | | |
| For repairs previously authorized | 51 62 | | |
| | | 231 | 62 |
| For removing ashes, and janitor | $128 25 | | |
| For gas | 127 56 | | |
| For plumbing at various times | 56 50 | | |
| For papering, painting, etc., at various times | 110 94 | | |
| For carpenter work and lumber at various times | 49 16 | | |
| For miscellaneous items at various times | 134 27 | | |
| | | 606 | 68 |
| Commission allowed receiver | | 427 | 50 |
| Total disbursements | | $8,582 | 00 |

The plaintiff in error filed exceptions to this report which were overruled.

JOHN C. WILSON and JOHN H. S. LEE, attorneys for plaintiff in error.

PROUDFIT & LANTZ, and BARKER, CHURCH & SHEPARD, attorneys for defendants in error.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The trust deed was made solely for the purpose of securing payment of the mortgage indebtedness and such expenses as might be incident to a foreclosure proceeding.

Incidental to this object there was in the trust deed provision for the payment of taxes upon and insurance of the property, also for the appointment of a receiver and authority by him to rent the same, collect rents therefor and

keep the property in repair and condition. There was also a clause providing that the receiver should pay rent that might be collected, less commission of five per cent for collection, after a foreclosure sale of said premises to the purchaser or purchasers of said premises at such sale or sales, and that such purchaser should not be required to see to the application of the purchase money. All of these provisions had but one object, namely, to make sure that the holder of the mortgage indebtedness should have the same, with interest thereon, paid to him free and clear of any and all expenses attending a foreclosure or the collection of rents and care for the property. So soon, therefore, as this object had been attained by a sale under the foreclosure proceedings for a sum which completely satisfied the foreclosure decree, the mortgage became *functus officio.* The mortgagee was under the trust deed entitled to full payment of his debt free and clear from all expenses attending the collection thereof. He was not and is not entitled to anything more. The purchaser at the mortgage sale was and is entitled to the rights given him by statute, which are, to have a master's deed of the premises made to him at the expiration of the period for redemption and possession of the premises given to him, or to have given to him during the period of redemption, the purchase money by him paid at the sale, together with statutory interest thereon up to the time of such redemption and also any taxes on the premises, with interest thereon up to the time of redemption, which subsequent to his purchase and before redemption he had paid to protect his rights as a foreclosure sale purchaser. Davis v. Dale, 150 Ill. 239; Ogle v. Koerner, 140 Ill. 170; Stevens v. Hadfield, 196 Ill. 253.

The property having been sold for the entire amount of the decree, and no redemption from the sale having been had, the appointment, at the instance of the mortgagee, of a receiver, inured entirely to the benefit of the mortgagor. Plaintiff in error, the mortgagor, was a party to the proceeding in the court below and constructively had notice of all that there took place. Neither to the original

Carroll v. Haigh.

appointment of the receiver, nor to the continuance of the receivership after the sale, nor to any orders by the court made for collection of rent, payment of charges upon the property, making of repairs or necessary care and supervision of the premises, did plaintiff in error make any objection until the coming in of the receiver's final report, whereby it appeared that the receiver had collected some $8,500 of rent and disbursed all of the same save $427.70, for payment of taxes upon the property, ground rent of the land upon which the rented buildings stood, insurance of the same, repairs and expenses incidental and seemingly necessary to the collection of rent, leaving but the said sum of $427.70 which could be applied for compensation to the receiver. This condition appearing, the plaintiff in error, mortgagor and defendant below objected to all of the disbursements made by the receiver, as well as to the allowance of any compensation to him, and from an order confirming the receiver's report has appealed to this court, asking that the receiver, who has but $427.70 in his hands, be ordered to pay to him the total sum of $8,582 by him collected.

The greater portion of the collections made by the receiver were subsequent to the sale by which the decree was completely satisfied.

The original order appointing the receiver was proper; the order continuing the receivership when the master's report showed that the decree had been satisfied was improper. The record filed here does not disclose a case in which a personal decree for the payment of this money should be rendered against the receiver. See McAnrow v. Martin, 183 Ill. 467–473. So far as appears the receiver acted all the while under the orders of the court by which he was appointed. From none of such orders, save the final one fixing his compensation and approving his report, had he a right of appeal. A receiver is but the hand of the court and so long as he obeys its orders his action is that of the court. If the receiver is improperly appointed or a receivership improperly continued, the party by whom

such appointment was procured or at whose instance such receivership was continued is liable for costs and expenses thus created. Highley v. Deane, 64 Ill. App. 389–392; same case, 168 Ill. 266; McAnrow v. Martin, 183 Ill. 467; Link Belt Machinery Co. v. Hughes, 195 Ill. 413; same case, 95 Ill. App. 323.

As before stated, the decree having been satisfied by a foreclosure sale, however intended, the receivership has been entirely for the benefit of the plaintiff in error. Plaintiff in error in his objections to the approval of the receiver's report appealed to a court of equity; whatever benefit he is to take from the appointment of or action by the receiver must be, awarded to him in accordance with equitable principles.

The premises not having been redeemed, all payment of ground rent, taxes and insurance made subsequent to the satisfaction of the decree were payments made upon the property and for the benefit of the purchaser at the mortgage sale. Bogardus v. Moses, 181 Ill. 554–562.

As after the satisfaction of the decree the mortgagor was entitled to the possession of the premises and all rents of the same, the mortgagor is entitled to the entire amount of rents so paid for such purposes by the receiver. As the purchaser at the mortgage sale was one of the complainants and made his purchase for the benefit of all the complainants, all of such payments must be taxed against the complainants as costs and ordered paid to the mortgagor. The mortgagor is not entitled because of the receivership to make a profit out of the complainants, or to compel them to pay to him moneys which, had he been in possession of the premises as he was entitled, he would have been compelled to pay in order to keep the premises rented or to collect the rents thereof.

Whatever sums were paid by the receiver for water taxes, repairs, removing ashes, or janitor service, for gas, plumbing, papering, painting, carpenter work or otherwise reasonably necessary to the keeping of the premises rented, and receiving of the rents therefrom that were collected,

should be allowed to the receiver as disbursements, but for which the large sum of $8,500, rent obtained in some eighteen months' use of the premises, could not otherwise have been obtained. So, too, while the order continuing the receivership was erroneous and the mortgagor should have been permitted to handle the property, nevertheless, such sum as it shall appear it would have cost him for management to have managed and cared for the property, collected and received the rent as was done by the receiver, should be allowed to the receiver as an expense to be borne by the mortgagor and deducted from the rents collected by the receiver.

In determining as to this, the ability of the mortgagor to have personally superintended the property and collected the rents therefor, so as to have received the rent obtained by the receiver at a less cost, all things considered, to him, the mortgagor, than the $427.70 claimed by the receiver for his services, should be taken into consideration. As the purchaser must be taken to have bought the premises and paid the price he did because they had been relieved of such liens thereon for taxes, ground rent, and earned insurance as had been paid by the receiver or any of the complainants and not included in the decree prior to the sale, as well as with such slight repairs as, prior to the sale, had actually been made, we are of the opinion that equitably the mortgagor is not entitled to such disbursements, he having seemingly received the benefit thereof by the bid at the sale, and such payments should be allowed to the receiver or complainants. The receiver is entitled to a reasonable sum, not exceeding $427.70, for his services, and if the amount of this, properly chargeable to the fund in his hands in accordance with that hereinbefore stated, is not equal to such reasonable compensation, the balance should be paid by the complainants.

In accordance with the foregoing an account should be stated showing the net sum due to the mortgagor and the reasonable charges of the receiver, and the complainants should be ordered to pay to each the respective amounts which, after proper allowances, shall be found due.

The order of the Superior Court approving the receiver's report and discharging him is reversed and the matters involved in such order remanded to the Superior Court for further proceedings not inconsistent with this opinion.