Beatrice Feldman, Appellee, v. Illinois State Pawners Association et al., Appellants. Logan L. Mullins and David Labowitch, Receivers, Appellees.

Gen. No. 38,007.

Opinion filed April 1, 1935.

ALFRED BECK and DAVID FROEHLICH, both of Chicago, for appellants.

WILLIAM A. ROGAN, of Chicago, for receivers, appellees; WILLIAM CYRIL BURNS and JAMES A. CARLSON, both of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Illinois State Pawners Association, defendant, appeals from an order approving the final account of two receivers appointed at the instance of complainant. The particular point challenged is the order permitting the receivers to retain out of the properties of the defendant $7,194 as their fees and expenses.

When complainant secured the appointment of receivers of defendant it appealed, and in an opinion handed down by us in case No. 37,413 on March 5, 1934, we reversed their appointment (274 Ill. App. 650 [Abst.]). In the opinion we said in substance that the appointment of receivers was not necessary to the preservation of complainant's rights; that the order did not preserve the corpus of defendant's business but tended to its destruction, and we held that the appointment "was unprecedented and constituted an abuse of discretion."

The question presented in this appeal is whether, under such circumstances, the chancellor erred in permitting the expenses of the receivership thus improperly ordered to be charged against the funds of the

defendant. It would seem to be self-evident that it would be inequitable to charge defendant with the expenses of a receivership wrongfully imposed upon it. Otherwise a designing complainant might exhaust the assets of a defendant by having a receiver appointed, however wrongfully, and the innocent defendant compelled to pay the costs.

*Highley v. Deane,* 168 Ill. 266, involved this question, and in holding that under such circumstances the costs of a receivership should not be taken from the receivership funds the court in its opinion used language peculiarly applicable to the instant case. It was said that if the costs were paid out of the proceeds of an innocent party's property, ''Such a rule would imply that an innocent party, after vindicating his right to his property, might have it taken to pay an expense resulting from the wrongful act of the defeated party. Where the receivership is procured under the assertion of an unjust and wrongful claim, as finally found by the court, and the receiver is authorized to take possession of the property of another on such wrongful assertion, the court can protect the injured party by returning the property of which he was divested without its being diminished to pay receiver's charges.''

A similar question arose in *McAnson v. Martin,* 82 Ill. App. 432, where it was said, ''that where a receiver has been improperly appointed and the order appointing is vacated or reversed, the receiver should not be permitted to reduce the assets by withholding any part thereof for compensation to himself or for fees of his attorney.'' That case was taken to the Supreme Court (183 Ill. 467), which reversed that part of the order denying the receiver compensation from any source, but held, as did the Appellate Court, that where the order is revoked his compensation will not be paid out of the funds placed in his hands, saying: ''When the appointment of the receiver is upon an application adverse to the defendant in the cause, and is without

authority of law, the receiver must look for his fees and compensation to the complainant in the suit, upon whose application he was appointed. So, when a receiver obtains possession of money or property under an order, which is afterwards reversed on appeal, and he is required to restore the money to the person entitled thereto, he cannot claim compensation out of the funds in his hands, but must look therefor to the party who secured his appointment.'' (Citing cases.) To the same effect are *Link Belt Machinery Co. v. Hughes,* 195 Ill. 413; *Rice Co. v. McJohn,* 244 Ill. 264; *Burrows v. Merrifield,* 243 Ill. 362; *Dalton v. Zimmer,* 131 Ill. App. 490. In the opinion in *Weston v. Watts,* 45 Hun. (N. Y.) 219, the question under consideration was discussed at length, with the conclusion that the property of one illegally held by a receiver could not be subjected to the expenses thus illegally created at the instance of another. And in 68 A. L. R. 883, this rule is stated as of universal application.

Receivers cite *Harkin v. Brundage,* 276 U. S. 36, as holding contrary to the rule, but in that case the necessity for the appointment of a receiver was not questioned. The only point at issue was whether the federal court of this district had the right to appoint a receiver, or whether the superior court of Cook county, which had already appointed a receiver, had such right. *Burnrite Coal Briquette Co. v. Riggs,* 274 U. S. 208, is not in point. There the receivers appointed were continued after a hearing on the merits. The question there involved was one of jurisdiction of the lower court. So, in *Palmer v. Texas,* 212 U. S. 118, the appointment of the receiver was virtually by consent. We hold that the rule is well established in this State that a receiver improperly appointed may not reduce the assets by withholding any part thereof for fees or expenses.

The receivers say that on January 27th and 29th, 1934, orders were entered allowing the receivers their

fees and that the defendant did not appeal from these orders, and that the time for appeal has passed. The record shows that defendant objected to these orders and the allowance of these fees; at that time the interlocutory appeal questioning the appointment of the receivers was pending and defendant would not have been justified in appealing from these orders until the propriety of the receivership appointment was determined. It was not until this court reversed the receivership on March 5, 1934, which invalidated the orders depending upon such receivership, that it was clear that the payment of fees out of defendant's property was unlawful.

Moreover, under the Civil Practice Act an appeal is not limited to any specific order, but the entire record is before us for review and any erroneous action of the lower court may be corrected if the point is properly preserved.

Some suggestion is made that the receivers were not permitted to show that defendant had, subsequent to the decision of this court, declared a dividend and paid the same to everyone except the complainant, who was a large stockholder in the defendant, and that it was withheld from her so as to indemnify defendant in any loss which it might sustain by reason of the appointment of receivers. The court properly excluded this evidence as it would have no bearing upon the propriety of permitting the receivers to retain part of the funds of the defendant as their compensation.

It should be understood that we are not denying the right of the receivers to compensation for their services and expenses. We are holding only that these costs may not be taxed against the defendant.

For the reasons indicated, we hold that the court was in error in entering the order of November 5, 1934, which permitted the receivers to retain their fees and expenses out of the funds belonging to the defendant.

This order is therefore reversed and the cause remanded with directions to the trial court to order that the receivers return to the Illinois State Pawners Association, the defendant, the sum of $7,194, and for further proceedings, if necessary, consistent with what we have said in this opinion.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.