Florence B. Robinson, Appellee, v. American Surety Company of New York and Clarence O. Rosen, Appellants.

Gen. No. 39,230.

Opinion filed November 10, 1937.   Rehearing denied November 22, 1937.

DENT, WEICHELT & HAMPTON and ANDERSON & CLARKE, both of Chicago, for appellants.

CAMPBELL, CLITHERO & FISCHER, of Chicago, for appellee; CARLTON L. FISCHER, of Chicago, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This was an action by the plaintiff to recover damages sustained by her by reason of the wrongful seizure of checks for $22,000 belonging to her, and also to recover expenses and attorneys' fees incurred by the plaintiff in the recovery of her money from the receiver, and was based upon a complainant's bond, which was executed for the appointment of a receiver in a creditor's suit.

The suit of Florence B. Robinson, who was one of the defendants in the suit entitled *Clarence O. Rosen v. Charles M. Watson and Florence B. Robinson,* circuit court of Cook county, No. B-70014, is against Clarence O. Rosen and American Surety Company of New York, principal and surety upon the complainant's additional bond in that action, which reads as follows:

"Bond of Complainant on Petition for Appointment of Receiver Additional Bond.

"Know All Men By These Presents: That we Clarence O. Rosen as principal and American Surety Company of New York as Surety, all of the County of Cook and State of Illinois, are held and firmly bound unto the People of the State of Illinois, in the sum of Seventy-four Hundred Dollars ($7400) for the payment of

which sum well and truly to be made, we and each of us bind ourselves, jointly and severally, and our respective heirs, executors, successors, assigns and administrators, firmly by these presents.

"Signed, sealed and dated this 26th day of December, A. D. 1923. The condition of the above obligation is such, that whereas, by an order of the Circuit Court of Cook County, sitting in chancery, made on the twentieth day of December, A. D. 1920, in a cause therein pending, wherein Clarence O. Rosen is complainant, and Charles M. Watson and Florence B. Robinson defendants, General No. B-70014, it was, among other things, ordered that Jacob Goldman be appointed Receiver of all of the property, equitable interests, things in action and effects of the defendant Charles M. Watson, except such as are by law exempt, and that he be vested with all the rights and powers of a Receiver in Chancery, upon his filing a bond for the faithful performance of his duties in the penal sum of Two Thousand Dollars ($2000) and the approval thereof.

"Now, Therefore, if the above bounden Clarence O. Rosen shall well and truly pay to the said defendants all damages, including reasonable attorneys' fees, sustained by reason of the appointment and acts of said Receiver, in case the appointment of such Receiver is revoked or set aside, then the obligation to be void, otherwise to remain in full force and effect.

Attest:              Clarence O. Rosen,  (Seal)
H. Roth,             American Surety Company
  Res. Asst. Secy.       of New York     (Seal)
Approved: Scanlan, Judge     By S. H. Griffin
Dec. 28/23             Res. Vice Pres.''

It appears from the record that the defendant Clarence O. Rosen obtained a judgment in the sum of $2,101, against Charles M. Watson on December 18, 1920, and an execution was issued and returned wholly unsatisfied. On December 20, 1920, Rosen filed a cred-

itor's bill in the circuit court of Cook county, against Watson, to collect his judgment and joined the plaintiff, Florence B. Robinson in this action for discovery.

The bill alleges that the judgment against Charles M. Watson, return of execution unsatisfied, and, upon information and belief, that Florence B. Robinson had property in her possession belonging to or in which Watson was interested and alleges fear that Watson and Robinson would leave the State. The bill further alleges that a receiver should be appointed forthwith "for all of the property, assets and effects of Charles M. Watson, wherever located" and that orders should be entered requiring Robinson to surrender to the receiver "all of the property, assets and effects of every kind and nature in her possession, belonging to or in which Charles M. Watson is beneficially interested."

It is also alleged that there should be a reference to a master "for the purpose of discovering assets belonging to Charles M. Watson." The bill then prays that an order be entered appointing a receiver forthwith, and that an injunction against Watson and Robinson be issued enjoining them from conveying the property of Charles M. Watson, and for other relief.

Attached to this bill is an affidavit, which is sworn to by Clarence O. Rosen, in which it is stated that he would be unduly prejudiced unless a receiver were appointed forthwith, and without notice, "for the property and effects of the said Charles M. Watson," and an injunctional order issued against Watson and Robinson enjoining them from transferring etc., "the property of the said Charles M. Watson."

The court upon the motion of Clarence O. Rosen entered an order finding that it had jurisdiction to appoint a receiver "for the property, assets and effects of the said Charles M. Watson, wherever situated," and that an injunctional order should issue restraining Watson and Robinson from transferring the property

of said Watson, and that due cause was shown for the appointment of a receiver without notice. It was further ordered that Jacob Goldman be and he is appointed receiver of the property, assets and effects of Charles M. Watson wherever located, and further, that Watson and Robinson be enjoined from transferring the property of Watson, and also that Watson and Robinson forthwith deliver all the property of Charles M. Watson, or in which he is beneficially interested, to the receiver, and that the cause be referred to a master in chancery.

On this same day, December 20, 1920, the complainant's bond was executed and filed, and the receiver's bond in the penal sum of $2,000, was also executed and filed by the receiver. Later the same day a further order was entered making the Continental and Commercial National Bank a defendant and enjoining the bank from paying any money or delivering any property to Watson or Robinson.

On January 3, 1921, Florence B. Robinson filed her answer to the creditor's bill, denying that she had any property belonging to Watson.

At a hearing on December 22, 1920, before the master in chancery to whom the cause was referred for the purpose of discovering assets belonging to Watson, two checks, one in the sum of $2,000, and one in the sum of $20,000, were delivered to the master in chancery by Miss Robinson on a receipt which recited that the checks were received in evidence by the master, and that he was "to hold the same subject to the further order of Hon. Kickham Scanlan, one of the judges of the Circuit Court, or whatever judge may hear the same with reference to the disposition thereof."

On December 3, 1923, upon the motion of Florence B. Robinson, the defendant as complainant in the creditor's bill was ordered to file an additional bond for the appointment of a receiver, in the sum of $7,400.

The time for filing this bond was twice extended, and the bond was finally executed and filed on December 28, 1923, and is the bond upon which this action is based.

Upon the issues being joined in the instant proceeding, the cause was submitted to a jury, and at the close of all the evidence the court, on the motion of the plaintiff, instructed the jury to return a verdict in her favor and to find the issues for the plaintiff, and assess damages in the sum of $7,400.

The several defendants filed their motions for a new trial and, after judgment, motions in arrest of judgment, which the court denied.

From the order of the court entering judgment for the plaintiff these defendants appeal.

The important question in this case is whether by dismissal of the bill for want of equity as to the defendant Florence B. Robinson, the condition of the bond, which was signed by the defendants, revoked and set aside the appointment of a receiver and justified the recovery of damages by the plaintiff.

As we have indicated, the original proceeding was brought on a creditor's bill, in which the plaintiff Florence B. Robinson was joined upon the theory that she had property of the judgment debtor. While it is true that during the progress of the hearing Florence B. Robinson's money, to the extent herein set forth, was taken possession of by the receiver and retained for a considerable length of time, yet as to whether there was any justification for this act, we are not expressing an opinion, for this question was passed upon by the trial court when, upon a hearing, the creditor's bill was dismissed as to her for want of equity. We are obliged to construe the questions before us and are controlled by the instrument in question, which is the bond executed by Rosen and the surety company, defendants in this proceeding.

As a breach of the condition of the bond, plaintiff alleges that "by reason of the premises, the appointment of the said receiver was revoked and set aside, and the defendants thereupon become liable to pay to the plaintiff . . .," and our attention has been called to the fact that no other breach is alleged in the plaintiff's complaint, and the plaintiff, of course, is limited to the breach alleged in her complaint. This court in the case of *Derrwaldt v. Moseley,* 155 Ill. App. 433, held that without an allegation of a breach of the bond, evidence to sustain a claim is not admissible. The general rule of law is that without an allegation, evidence to sustain facts not alleged in the complaint upon which the plaintiff seeks to recover is not admissible. The appointment of the receiver is not questioned. The receiver was appointed in the creditor's proceeding wherein the plaintiff in that action alleged to have recovered a judgment against the judgment debtor, Charles M. Watson, for $2,101. Execution was issued and returned not satisfied. This was the basis of the creditor's proceeding in which the plaintiff in this action was joined as a defendant.

There is no contention, so far as we are able to determine from the briefs, that the creditor's proceeding was not instituted in compliance with the provisions controlling actions of this character. Defendant Robinson's contention is that she was made a party defendant for the purpose of obtaining the checks in question and not because the proceeding was improper or the appointment of the receiver erroneous. What she did do was to ask that a further bond be given, which was granted, by the court and the bond upon which she now seeks to recover is the one that was signed by the defendants and filed as required by the order obtained on motion of the plaintiff here.

It is also rather important to consider that the receiver appointed in the creditor's proceeding was not

the receiver of the property of the plaintiff, but was "for all of the property, assets and effects of Charles M. Watson, wherever located," and that the prayer of the bill was that Watson and Robinson be required to surrender "to the receiver so appointed for the property of said Charles M. Watson, all of the property and assets of said Charles M. Watson in their possession or control."

So that, by the creditor's bill, the proceeding was one for the purpose of ascertaining whether or not plaintiff Robinson was in possession and control of property and assets in which the judgment debtor Watson was interested. The question of whether or not she was in control of any property belonging to Watson was passed upon when the court, after a hearing in the creditor's proceeding, dismissed the bill as to plaintiff, a defendant in that action, for want of equity.

As to the question of the right to recover for violation of the condition of the bond in this case, the court must consider that the liability of these defendants under the bond is contractual as well as statutory.

Plaintiff in this action contends that the sole assets in the receiver's estate were the property of Robinson, and the dismissal of the bill as to her for want of equity in legal effect set aside the appointment of the receiver. Therefore, she could recover all damages sustained by reason of the appointment and acts of the receiver. We believe this might be true if the condition of the bond were that she could recover for the damages she had sustained by reason of the detention of her money in the hands of the receiver until it was turned over by the receiver to the plaintiff some three and a half years after the court had ordered the receiver to take possession of the money. But that is not the case here, so far as the condition of the bond is concerned. The bond provides that Rosen is to pay the defendants, meaning Watson and Robinson, all damages, including

reasonable attorneys' fees, sustained by reason of the appointment and acts of the receiver, in case the appointment of such receiver is revoked or set aside.

In the consideration ·of the question as to the liability of the surety company because of a breach of the condition of the bond, we are confined to whether the court found the bond was breached. It does not so appear in the case here, for the receiver, after the bill was dismissed for want of equity as to the defendant Robinson, continued in office.

The plaintiff in support of her contention cites two cases, *Highley v. Deane,* 168 Ill. 266, and *Link Belt Machinery Co. v. Hughes,* 195 Ill. 413. In the latter case the court entered an order in the proceeding instituted by the machinery company that the company pay to the appellee, Deane, who owned the property occupied by this company, the balance of rent that had accrued after crediting the moneys received from the receiver who was appointed in the case. It is to be noted in that case an order was entered by the court, who had jurisdiction of the cause, directing that the machinery company pay to Hughes the balance of rent that had accrued. So that case does not aid us in construing the condition of the bond in this case.

In the case of *Highley v. Deane, supra,* an order was entered directing that the cost of the receivership be taxed against the complainant who asserted a wrongful claim in the action in which the claim was presented, while in the instant case the plaintiff has received the money that was deposited with the receiver, and the amount she now seeks to recover is for damages, attorneys' fees and expenses necessary to establish her alleged claim to the money that ·was in the hands of the receiver.

The bond in question being a contract, the right to recover is limited by the terms of the condition, and unless it appears from the facts in evidence that the

terms of the condition of the bond were violated, no recovery may be had.

For the reasons herein stated, the judgment is reversed.

*Judgment reversed.*

DENIS E. SULLIVAN and HALL, JJ., concur.