In re Estate of Warren Beckwith, Deceased et al., Appellants, v. Harry J. Cooper, Appellee.

Gen. No. 8,188.

February term, 1930.        Heard in this court at the
                                               Opinion
filed July 7, 1930.

WORCESTER & LORD, for appellants.

PEFFERS & WING, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

The appeal in this case is from an order of the circuit court of Kane county overruling a motion to dismiss certain proceedings there pending, wherein a testamentary trust under the will of Warren Beckwith, deceased, was being administered. There is also pending on the docket of this court another appeal bearing the same title and the General Number 8,189. The purpose of the last-mentioned appeal is to reverse an order of said circuit court appointing Harry J. Cooper as a cotrustee in the administration of the said trust. The two appeals were argued together. The general facts in both cases are the same, and by common consent, the two appeals will be considered in this opinion.

Warren Beckwith, a resident of Mt. Pleasant, county of Henry, and State of Iowa, executed a last will and testament on September 15, 1897. After making certain bequests in favor of his wife and daughter, he created a testamentary trust for the benefit of his three sons, Everett, Orville, and Warren. The sons were each to receive one-third of the annual income derived from the trust fund during their respective lives. Upon the death of any son, the trust as to one-third of the estate was to terminate and vest absolutely as follows: one-third to the widow of such son and two-thirds to his surviving children.

The testator, by said will, appointed his wife, Sarah E. Beckwith, Mt. Pleasant, Iowa, Charles W. Smith, Aurora, Illinois, and W. I. Babb, Mt. Pleasant, Iowa, as executors and exempted them from giving bond, as such executors, for the discharge of any trust or duty under the will. He directed the said executors to hold, manage, and control, invest and reinvest such trust estate. He provided that in case of the death or refusal to act of any one or more of the trustees, the "probate court" shall appoint some trusty and discreet person or persons as successor or successors in trust, who are to give sufficient bond.

The will contains the following provision:—"To the end that all persons interested in my estate may at all times be advised as to its condition, I direct my executors shall file in the probate office of Henry county, Iowa, an annual report showing the funds and property on hand and the amount received and paid out since the last report." It is obvious that the "probate court," which was thus empowered to appoint successors in trust, was the court of Henry county, Iowa, in which the annual reports were to be filed.

On January 29, 1903, the testator executed a codicil to his will and the 5th paragraph thereof is in the following language: "5. I hereby direct and provide that no part of the money, fund or property set apart in said will or in this codicil to my said sons, and no part of the income from the same, shall ever be liable in any way for any debts that they may at any time contract, either before or after this day, and shall never be liable for any claim or debt of any kind against them." This provision impresses the bequest made for the benefit of the testator's sons with all the essential elements of a spendthrift trust, and it must be considered in that light. (*Wagner v. Wagner*, 244 Ill. 101.)

The testator died, and on October 2, 1905, the will, including the codicil, was admitted to probate by the district court of Henry county, Iowa. The executors and trustees named in the will qualified and proceeded to the administration of the estate. Thereafter, on December 19, 1908, an order was entered in said court closing and settling the estate and discharging the executors, as such. It recited, however, that the executors are not discharged or freed from any other liabilities imposed upon them under said will, but are continued in office for the purpose of carrying out their duties as to the remaining assets of said estate with all the powers conferred upon them under the will and that they are directed to make report from time to time

to that court or to such other court to which the administration of such trust may be removed.

Subsequently, Orville Beckwith, one of the sons, died leaving a widow and children. A report was made by the trustees to the district court of Henry county, Iowa, and a distribution of one-third of the trust estate was ordered to be made among said widow and children, according to their rights under the will.

Sarah E. Beckwith and W. I. Babb, two of the trustees, moved from Henry county, Iowa, to Aurora, Illinois, in 1908. The property constituting the trust fund was largely in stocks in industrial corporations in Illinois. Charles H. Smith, the third trustee, died in 1910. Mrs. Beckwith and Babb continued to act as cotrustees until Babb's death, September 4, 1925. Two months later, Mrs. Beckwith filed a bill in chancery in the circuit court of Kane county, Illinois, setting forth the creation of the trust and its administration. It alleged that the situs of the trust property was in Illinois and that the trustees also resided here, but that the property was assessed in Henry county, Iowa; that she had been advised that the court of Henry county, Iowa, no longer had jurisdiction over the administration of the trust; that the annual taxes levied in Iowa against the trust estate amounted to approximately $3,500; that if the district court of Henry county, Iowa, should appoint a trustee, he would be a resident of Iowa; that the estate would thereby suffer from wrongful taxation; and that because of her age and the condition of her health, the complainant desired the assistance of a cotrustee and recommended the appointment of Myron C. Atwood, of Aurora, Illinois, to succeed W. I. Babb. Everett Beckwith, Warren W. Beckwith, and Sarah E. Beckwith, as guardian of Warren Beckwith Jr., a minor, were made parties. The defendants answered the bill and consented to the appointment of Atwood as cotrustee. An order was entered by the circuit court of Kane county,

appointing him and fixing his bond at the sum of $100,000. Atwood qualified and acted as a trustee until February 26, 1929, when he died.

Subsequent to the death of Atwood, Mrs. Beckwith filed a petition in the circuit court of Kane county, Illinois, alleging the death of Everett Beckwith, one of the sons of the testator. An order was entered directing a distribution of another one-third of the trust estate to the widow and children of Everett Beckwith. Mrs. Beckwith filed a report of her acts as trustee and requested the discharge of the estate of Atwood and the discharge of Atwood's bond. Warren W. Beckwith, now the sole surviving son of the testator, filed a written consent to the distribution of Everett Beckwith's share of the trust estate and consented to the discharge of Atwood's bond.

· On May 24, 1929, Mrs. Beckwith again appeared, by counsel, in the circuit court of Kane county, Illinois, and by petition requested the appointment of Dennis H. Grady, as a cotrustee to assist in administering the remaining one-third of the trust estate. The petition alleged that it was necessary and advisable to have · a cotrustee appointed; that she has consulted the surviving son with reference to a proper person to succeed Atwood and they join in the request for the appointment of Grady; that she has known Grady for many years; and that he is qualified to act and has signified his willingness to accept the appointment. Warren W. Beckwith filed a written consent to such appointment. For some reason not disclosed by the record, the court refused to appoint Grady and over the protest of Mrs. Beckwith and her son, appointed Harry J. Cooper, of Aurora, Illinois, and fixed his bond at $50,000. As a general rule, where an appointment of a particular person will engender ill feeling between trustees, or between trustees and *cestui que trustents,* so as to prevent beneficial co-operation in the administration of the trust, the appointment of

that person should not be made. (*Lorenz v. Weller,* 267 Ill. 230, at page 243.)

The appeal from the order denying a dismissal of proceedings is prosecuted jointly and severally by Sarah E. Beckwith, individually and as trustee, and by Warren W. Beckwith, Warren Wallace Beckwith Jr., and Vera Beckwith. Vera Beckwith is the wife of Warren W. Beckwith, and Warren Wallace Beckwith Jr. is their son. Both are interested in the preservation of the estate.

It was the clearly expressed wish of the testator to have the trust estate, which he created, administered by the district court of the county of his residence, to wit: Henry county, Iowa. The author of a trust, in declaring the trust, may mold and give it any shape he chooses, and he may provide for the appointment of a successor or successors to the trust on such terms as he may choose to impose. He may do this directly by naming the persons to be substituted or by giving a power of appointment. (*Reichert v. Missouri & Illinois Coal Co.,* 231 Ill. 238; *Lake v. Brown,* 116 Ill. 83; 39 Cyc. 271.) And when the creator of a trust has, by express terms, conferred the power of appointment upon another, it can be exercised in no other way (*Equitable Trust Co. v. Fisher,* 106 Ill. 189), except by a court of competent jurisdiction in an effort to prevent a failure of the trust or of its purposes.

In this instance, the testator created a spendthrift trust for the benefit of his three sons. He had an undisputed right to have it administered wherever he chose, without regard to the wishes, desires, or convenience, either of the *cestui que trustents* or the trustees. Courts will always jealously guard trusts of this character. They will not inquire into the reasons or wisdom of a settlor, in creating a spendthrift trust. It will assume they are sufficient and will throw a protecting arm about the trust. (*Wagner v. Wagner, supra; Wallace v. Foxwell,* 250 Ill. 616.) The

fact that Sarah E. Beckwith, and perhaps one or more of the other trustees, in the administration of their duties, have found it more convenient to resort to a court in Illinois than to one in Iowa, affords no excuse for the transfer of such administration from one State to another, contrary to the positive directions of the creator of the trust. The creator of the trust has the right to say in what manner vacancies in the trusteeship shall be filled, and if he exercises that right, they cannot be filled in any other manner, unless there is a failure or refusal to fill them as directed. (*French v. Northern Trust Co.*, 197 Ill. 30.)

It is urged that the conduct of Mrs. Beckwith and her son, in attempting to transfer jurisdiction, should estop them from repudiating their action. However that may be, their wrongful conduct cannot be set up as against the trust itself. Certainly, it cannot be that one who is the beneficiary of a spendthrift trust can, through estoppel or otherwise, cause the trust to be administered in any different mode than his father directed. Moreover, one of the objectors is the wife of Warren W. Beckwith, who will be entitled, upon his death, to one-third of the remaining trust estate. Another is their minor son, about three years of age, who is also interested in the final distribution of the trust estate. No conduct has been charged against either of them, which would estop them from insisting upon the administration of the estate where the testator had placed it.

According to our view, the trustees wrongfully procured the circuit court of Kane county, Illinois, to assume jurisdiction over the trust estate. The motion for the court to relinquish such jurisdiction and dismiss the proceedings should have been allowed, and this cause is reversed and remanded with directions to grant such motion and for such other orders as may be necessary in the premises.

*Reversed and remanded with directions.*