American Trust and Safe Deposit Company, Complainant and Appellee, v. 180 East Delaware Building Corporation et al., Defendants.
Appeal of Fanny Meyers, Executrix of the Estate of Lizzie M. Diederichs, Deceased, Petitioner and Appellant.

Gen. No. 34,673.

Opinion filed May 19, 1931.

ROSENBERG, BRAUDE & ZIMMERMAN, for appellant; H. J. ROSENBERG and IRVING S. BERMAN, of counsel.

KEEHN, WOODS, WEISL & KEELEY, for appellee; W. M. KEELEY, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In a foreclosure proceeding, commenced March 27, 1929, Lizzie M. Diederichs, on October 8, 1929, by leave of court, filed her petition praying that she be allowed to become a party defendant and to file an answer, without prejudice to the reference to the master, etc. To the petition complainant, as trustee in the trust deed sought to be foreclosed, filed an answer in which, after making numerous allegations, it prayed that the petition be dismissed, etc. On July 8, 1930 (two days before the final foreclosure decree was entered) there was a hearing upon the petition before the chancellor, resulting in the entry of an order or decree denying the prayer of, and dismissing, the petition, for the reason, as stated, that "the court is of the opinion that the allegations of the petition are insufficient." In the order, it appearing that Lizzie M. Diederichs had died on February 20, 1930, the court directed that Fanny Meyers, as executrix, etc., be substituted as petitioner in place of the deceased. From the order or decree Fanny Meyers, as executrix, etc., prayed and perfected the present appeal.

On October 28, 1930, after the transcript of the record and appellant's abstracts and printed briefs had been filed in this court, appellee (complainant) appeared and moved that the appeal be dismissed upon the ground that the order denying leave to petitioner to intervene as a defendant was an interlocutory one and not appealable. After the filing of counter suggestions the motion to dismiss the appeal was denied. (See 3 Corpus Juris, p. 639, sec. 500; *Hoier v. Kaplan,* 313 Ill. 448, 450; *Wightman v. Evanston Yaryan Co.,* 217 Ill. 371, 375–6.)

After the cause had been taken and oral argument had, appellant (petitioner) on March 24, 1931, asked leave to file a supplemental record, *instanter,* to which motion appellee (complainant) filed counter suggestions. The supplemental record sought to be filed included (1) the decree of foreclosure entered by the circuit court on July 10, 1930; (2) the petition and motion of appellant (petitioner) "to stay the sale" under the decree until the disposition by this court of the present appeal; and (3) the order of the circuit court, entered September 5, 1930, denying the motion to stay the sale. The motion to file said supplemental record was denied by this court on March 30, 1931.

On October 15, 1925, the 180 East Delaware Building Corporation, to secure a large number of its bonds aggregating $1,200,000, executed and delivered its trust deed, conveying certain real estate in Cook county to complainant as trustee. Because of certain defaults made, complainant declared all unpaid bonds to be due and payable, and on March 27, 1929, filed the present bill to foreclose the trust deed for the benefit of all bondholders, for a receiver, etc. A copy of the trust deed is attached to and made a part of the bill. None of the bondholders was by name made a party complainant or defendant to the bill, nor was the American Bond and Mortgage Company made a party defendant. On each of the bonds is the statement to the effect that it is issued subject to the provisions of the trust deed securing the same. In the trust deed, Article IX, are the following provisions, *inter alia:*

"Section 1. (a) If the said Trustee . . . shall declare the whole amount or any part of the outstanding and unmatured indebtedness of the Company, and secured hereby, then to be due and payable for default or defaults as provided above in Article VII, it shall have the power and right *exclusively* (except as hereinafter provided) thereupon to commence foreclosure

proceedings of this trust deed for the benefit of and to secure the payment of all, or any number less than the whole, of said bonds and interest, advances, and other moneys and indebtedness secured hereby ratably and without preference and priority of one bond or the interest thereon before another, and for the payment of any advances which have a priority hereunder as specified herein, and if the said Trustee shall so commence such foreclosure proceedings for all or any of the holders of the bonds, such foreclosure proceedings by said Trustee for their use and benefit *shall be exclusive* and preclude the said bondholders from taking any proceedings in foreclosure in their own names, or otherwise, than by and through the proceedings commenced by such Trustee; . . . ''

''Section 5. . . . Every holder of any of the bonds hereby secured, including pledgees, accepts the same subject to the express understanding and agreement that every right of action, whether at law or in equity upon or under this indenture, *is vested exclusively in the Trustee* as Trustee of an express trust, and under no circumstances shall the holder of any bond or coupon, or any number or combination of such holders, have any right to institute any action at law upon any bond or bonds or any coupon or coupons or otherwise, or any suit or proceeding in equity or otherwise, except in case of refusal on the part of the Trustee to perform any duty imposed upon it by this Indenture sixty days after request in writing by the holder or holders of bonds. . . . ''

In the petition of October 8, 1929, Lizzie M. Diederichs alleges in substance that she is the owner of *one* of said bonds for $1,000, No. 144, maturing April 15, 1931, and secured by said trust deed; that interest due on the bond on April 15, 1929, has not been paid; that she purchased the bond from the American Bond and Mortgage Co., at Chicago (hereinafter called the Mort-

gage Co.); that when she purchased it "she under-stood" that the payment of the principal and interest of the bond was guaranteed by the Mortgage Co.; that when she purchased it she "was given to understand" that, if she purchased from the Mortgage Co. any securities, all defaults upon the same would be made good by the Mortgage Co., and that the default upon said bond has not been made good by it; that the capital stock of complainant is owned almost in its entirety by the Mortgage Co. and its officers were designated by the Mortgage Co.; that complainant, as trustee in the trust deed, was chosen by the Mortgage Co., which has now practically ceased doing business; that petitioner "has lost all confidence" in the Mortgage Co., and "has no confidence in complainant trustee, purporting to represent her as one of the beneficiaries under the trust deed being foreclosed," and avers that she is entitled to and should be given leave to appear in the cause for the protection of her interests; that through the instrumentality of the Mortgage Co., some sort of bondholders' committee has been formed, and petitioner and other bondholders have been solicited to deposit their bonds with such committee, but petitioner has refused to deposit her bond; that not having deposited her bond she "fears" that "her rights will not be protected unless permitted to become a defendant in this cause"; that the property pledged as security under the trust deed is scant security for the indebtedness, and that it is of "vital importance" to the owners of bonds that "the costs of this proceeding be kept as low as possible so as to permit the bondholders to receive the maximum out of such security"; that complainant, as trustee, and the bondholders "are adverse in interest" as to many of the matters involved in the litigation, that the trust deed provides for a trustee's fee, and that the amount of the fee is a question upon which complainant and the bondholders have adverse

interests; that the same is true as to a solicitor's fee to be allowed to complainant; that complainant and other bondholders should be given an opportunity to be heard on these questions, together with all matters in connection with the receivership and the receiver's expenses and fees; that petitioner is entitled to know the time and place of the foreclosure sale in order to protect her interests at such sale; and that she is entitled to make proof of her rights in advance of the sale, etc. She prayed that by order of court she be allowed to become a party defendant, without prejudice to the reference to the master, etc., and be allowed to file an answer to the bill, etc.

It will be noticed that in the petition there are stated numerous conclusions, unsupported by any allegations of fact, and that it is not alleged that complainant as trustee is incompetent or in any way disqualified to act, or that it has failed in any particular to act for the best interests of all of the holders of the bonds, or that complainant has neglected or refused to comply with the proper requests of any of the holders of the bonds.

We are of the opinion that the action of the court in dismissing the petition on the ground of its insufficiency was proper and should be upheld. (See *Gunderson v. Illinois Trust & Savings Bank,* 199 Ill. 422, 435; *Clyde v. Richmond & D. R. Co.,* 55 Fed. 445, 448; *Farmers' Loan & Trust Co. v. Kansas City, W. & N. W. R. Co.,* 53 Fed. 182, 186; *Trust Co. of America v. Norfolk & S. Ry. Co.,* 174 Fed. 269, 271; *Palmer v. Bankers' Trust Co.,* 12 Fed. [2d] 747, 754.) In view of the provisions of the trust deed as above set forth, it was not necessary to make any of the bondholders parties complainant or defendant to the bill. No bondholder had an absolute right of intervention, especially in the absence of any allegations of fraud, misfeasance or bad faith on the part of the trustee. (*Chicago & G. W. R. Land Co. v. Peck,* 112 Ill. 408, 435–6; *St. Louis &*

*Peoria R. Co. v. Kerr,* 153 Ill. 182, 196; *Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co.,* 173 Ill. 439, 459–60; *Guaranty Trust Co. v. Chicago, M. & St. P. Ry. Co.,* 15 Fed. [2d] 434, 440; *Bowling Green Trust Co. v. Virginia Passenger & Power Co.,* 132 Fed. 921, 926.) In the case last cited it is said: "This motion to admit the petitioners as parties is one addressed to the sound discretion of the court, and in disposing of the same the court must take into consideration the facts and circumstances surrounding the case, and at least those shown and set forth in the petition itself, including the object and purpose of the petition as shown by its prayer. . . . Courts in any case should be slow to interfere with trustees, in the apparently lawful discharge of their duties, at the instance of a comparatively small number of minority bondholders or stockholders, and least of all should it do so when it appears that such bondholders and stockholders are not themselves seeking actual relief, but are attempting to obstruct the trustee in the discharge of what it deems to be its duty." In the *Guaranty Trust Co.* case, *supra* (p. 441), it is said: "They (the courts) will be equally vigilant to see that dissenting bondholders be not permitted to create a *maneuvering value* in their bonds."

Our conclusion is that the order or decree appealed from should be affirmed and it is so ordered.

*Affirmed.*

SCANLAN, P. J., and KERNER, J., concur.