In re Estate of Warren Beckwith, Deceased.
Sarah E. Beckwith, Individually and as Trustee of the Estate of Warren Beckwith, Deceased, et al., Plaintiffs in Error, v. Harry J. Cooper, Defendant in Error.

Gen. No. 8,589.

Opinion filed February 23, 1933.

MAURICE F. LORD, for plaintiffs in error.

DAVID J. PEFFERS, for defendant in error.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This is a writ of error directed to the circuit court of Kane county to review its orders and provisions relative to the trust estate of Warren Beckwith, deceased.

Plaintiffs in error appeared heretofore on appeal requesting this court to reverse an order of the circuit court overruling their motion to dismiss the proceeding, and so on. This court rendered its opinion on July 7, 1930, holding that the circuit court of Kane county had no jurisdiction over the specific subject matter of the trust created by the will of Warren Beckwith, deceased, and directed the circuit court to

dismiss the proceeding in accordance with the motion. In the matter of *In re Estate of Beckwith v. Cooper*, 258 Ill. App. 411–418, will be found the opinion of the court. At the same time the court considered the appeal of Sarah E. Beckwith, sole surviving testamentary trustee, from an order of the circuit court appointing Harry J. Cooper as cotrustee. This action of the court was also reversed and directions issued to vacate its order of appointment. The opinion in this case is an abstract one found in said vol. 258 Ill. App. 621. The opinion last referred to is General No. 8,189.

It appears that both of these appeals to which reference as above is made were perfected on December 30, 1929; both appeals challenge the jurisdiction of the circuit court over the subject matter and the question of the jurisdiction and power of the circuit court to enter any orders or perform any acts in connection with the administration of the trust and the property thereof. In both appeals the contentions of the appellants in said causes, being the plaintiffs in error here, were sustained. Cooper, who was the appellee in each of said cases, petitioned the Supreme Court to review the two decisions of the circuit court by certiorari and on October 25, 1930, his petitions were denied. Thereupon, on November 6, 1930, the mandates of the Appellate Court were filed with the clerk of the circuit court and on November 17, 1930, and upon notice duly served upon opposing counsel orders of reinstatement were made upon the docket of the circuit court. The record discloses that after the entry of said orders of reinstatement, counsel for the Beckwith trust estate presented a written motion to the circuit court of Kane county to comply with the mandate of the Appellate Court, and to enter an order vacating its order appointing Cooper as cotrustee. It appears that no action, however, was taken on that motion at that time. The record further discloses that

on the same day counsel for the Beckwith estate presented a written motion that the court tax the costs against Cooper in connection with the proceeding pertaining to the motion to vacate the order appointing a trustee entered May 24, 1929. This motion it appears was not acted upon at that time. The record further discloses that on December 15, 1930, counsel for the Beckwith trust estate served notice upon Cooper and his solicitors that on December 17, 1930, he would appear before Judge Wm. J. Fulton, judge of the circuit court, and ask an immediate hearing on the motion to comply with the mandate of the Appellate Court and the motion to tax costs. It appears that Judge Newhall heard the matter, refused to grant the motion and entered an order continuing the motion to tax costs and other motions until January 17, 1931.

The record further shows that on January 30, 1931, counsel for the Beckwith estate again served counsel for Cooper with notice that he would appear before the circuit court on February 2, 1931, and ask for an entry of an order complying with the mandate. The court entered an order vacating its order appointing Cooper as cotrustee. The mandate in case No. 8,189 containing the unqualified order to the chancellor to set aside and vacate the order appointing Cooper as cotrustee had been filed; yet, it appears that the circuit court refused to follow strictly the directions and instructions in said mandate and entered an order requiring Cooper to file a report and reserving jurisdiction to act upon said report and to enter orders in relation thereto.

The record shows that on February 24, 1931, Cooper filed a report whereby he sought to take credit from the property and funds of the trust estate for certain expenditures which he had made while he was unlawfully and without warrant or authority acting as trustee. The expenditures aggregated the sum of $1,937.94,

the greater portion of which were expended in Cooper's efforts to perpetuate himself in office as a cotrustee; that on February 26, 1931, the circuit court at the instance of Sarah E. Beckwith, a trustee, entered an order requiring Cooper to deliver to the duly constituted trustees of the estate of Warren Beckwith, deceased, certain of the securities listed in the report; certain securities, however, were retained by Cooper with a view of undertaking to protect himself in his expenditures, and the court attempted to retain jurisdiction of the subject matter.

On March 6, 1931, objections were filed to the entry of any order approving or confirming any expenditures by Cooper wherein it was pointed out that the circuit court had no jurisdiction of the subject matter or persons interested in the trust; that Cooper was under no legal obligation to contest the validity of his appointment; and that the circuit court had no power to deplete the trust estate by authorizing any expenditures; that the litigation was not in the interest of the trust fund, but was hostile thereto.

No action was taken by the court at that time on these objections and on August 25, 1931, Sarah E. Beckwith, W. A. Sternberg and D. H. Grady, as trustees, instituted proceedings in the city court of Aurora against Cooper to recover damages for and on behalf of the trust estate and for property illegally withheld from them on the part of Cooper. A rule was entered by the city court to plead on or before December 14, 1931. Thereupon counsel for Cooper appeared before the Hon. John K. Newhall, judge of the circuit court, with a petition for injunction restraining the duly constituted trustees from prosecuting this suit in the city court, and an injunction was issued on December 14, 1931, and service had, etc. It appears that on August 1, 1932, an order was entered dismissing the proceeding but overruling the objections to the expendi-

tures, confirming the same, continuing in force the injunction, declining to tax costs against Cooper and taxing the expenditures and costs against Sarah E. Beckwith.

The chief question involved in this case concerns the responsibility for paying the costs and expenditures incurred by the defendant in error in connection with making his defense in the two cases which were brought to the Appellate Court, being Nos. 8,188 and 8,189. It is the contention of Cooper, the defendant in error herein, that he is permitted under the law to carry on litigation of this character calculated to maintain himself in office without personal responsibility in the case of failure. It is the contention of the plaintiffs in error that the necessary litigation to oust the defendant in error was of no benefit to the trust estate, that the plaintiff in error could have prevented it by not qualifying as cotrustee, or at least, by resigning, and that in attempting to maintain in office he acted at his peril. It is also the contention of the plaintiffs in error that the defendant in error had no authority of any kind or character to act with reference to the trust and that all of his transactions affecting it were void.

There is also involved in this proceeding the validity of the injunction orders which prevented the legally qualified trustee from attempting to recover from Cooper, defendant in error, not only the value of the securities and income unlawfully withheld but other items not mentioned in Cooper's report, etc.

The two cases involving this estate which came to the Appellate Court were decided on July 7, 1930, that being the day on which the opinions were filed. Petitions for certiorari were denied on October 25, 1930. It appears that notwithstanding the fact of the holding of this court to the effect that the circuit court of Kane county had no jurisdiction and no authority to appoint

a trustee as had been done by the appointment of Cooper, still the circuit court undertook to exercise jurisdiction over the parties as well as of the subject matter of said estate. The .following language was used at the conclusion of the opinion reported in 258 Ill. App. 411: ''According to our view, the trustees wrongfully procured the circuit court of Kane county, Illinois, to assume jurisdiction over the trust estate. The motion for the court to relinquish such jurisdiction and dismiss the proceedings . should have been allowed, and this cause is reversed and remanded with directions to grant such motion and for such other orders as may be necessary in the premises.'' It therefore appears that the defendant in error continued to act as trustee not only during the pendency of the cause in the Appellate Court, but after the filing of the opinions therein and subsequent to the time of the refusal of the Supreme Court to hear the case on a petition for a writ of certiorari. This court held that the circuit court did not have jurisdiction to appoint a trustee. Whatever suggestions may be made or questions raised relative to the expenditures of Cooper in trying to maintain his appointment as trustee, there can be no question remaining in view of the decision of this court that the circuit court of Kane county had no jurisdiction either over the parties or the subject matter, for the reason that when the circuit court denied the motion to dismiss the proceedings for the want of jurisdiction and the appeal was prosecuted to the Appellate Court, the circuit court of Kane county then lost jurisdiction over the case, and in view of the holding of the Appellate Court which was to the effect that the circuit court of Kane county had no authority to appoint a trustee and had no jurisdiction over either the persons or the subject matter, the court ordered and directed the said Cooper as trustee to make a report. He filed a report showing among

other things his disbursements of the funds of the trust estate. The circuit court had no jurisdiction or authority to take any steps after the case was decided in the Appellate Court and every step that has been taken by the circuit court that had to do with the trust estate involved in this proceeding is absolutely null and void. The court had no authority to either call upon Cooper to make a report or to approve the same. The items that Cooper was directed to pay out of the trust funds by way of solicitor's fees and expenses should not be charged against the trust estate. In a proper proceeding Cooper should be required to reimburse to the legal trustees of said estate for the expenditures made by him in trying to sustain himself as a cotrustee together with the amount and sum of money which came into his hands while he was acting in the capacity of cotrustee. In other words he should not be permitted to profit by his own wrong and since the circuit court of Kane county had no jurisdiction over said trust estate then the order approving the report and directing the paying out of money by the said cotrustee Cooper was illegal and void. The circuit court of Kane county had no jurisdiction to take any step to thwart the action of the legally constituted trustees to regain possession of the assets of said estate. The order taxing the costs of the suit against Sarah E. Beckwith is erroneous and should be reversed.

The order of the circuit court of Kane county is hereby reversed and the orders issued by the circuit court are set aside and vacated and held for naught, and the costs of this litigation should be taxed against Harry J. Cooper, individually.

*Judgment reversed.*