Kate Cohen, Appellee, v. Central Republic Trust Company et al., Appellees.
Appeal of C. S. Tuttle et al., Appellants.

Gen. No. 38,432.

Opinion filed December 16, 1935.   Rehearing denied December 30, 1935.

CASTLE, WILLIAMS & McCARTHY, of Chicago, for appellants; HOWARD R. BRINTLINGER and ROBERT R. HANLEY, both of Chicago, of counsel.

ANDREEN, WINSTIN & MEAD, of Chicago, for appellee Kate Cohen; MURAL J. WINSTIN and GUSTAV ANDREEN, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff filed her complaint asking for the appointment of a successor-trustee in a deed of trust conveying premises in Chicago to secure an issue of bonds;

she also asked for the appointment of a receiver of the premises described in the trust deed; some of the defendants, constituting a bondholders' committee, filed an answer; no evidence was heard, but upon the pleadings the chancellor appointed Howard K. Hurwith a receiver of the premises and also appointed him successor-trustee in the deed of trust, and subsequently entered an order allowing to the attorneys of the plaintiff a sum of $2,500 as their attorneys' fees for instituting and prosecuting the above entitled cause. The members of the bondholders' committee, hereafter called defendants, appeal.

The deed in trust ran to Chicago Trust Company as Trustee, which subsequently was consolidated with the Central Trust Company of Illinois, forming the Central Republic Trust Company, which succeeded to the duties of the Chicago Trust Company as trustee under the trust deed. Plaintiff's complaint does not seek to foreclose the deed in trust, and no foreclosure proceedings have been commenced.

Before answering defendants moved for the dismissal of the complaint. This was denied and defendants argue that this ruling was error.

The complaint alleges that on November 20, 1934, the auditor of public accounts of the State of Illinois took possession and control of the Central Republic Trust Company and thereafter appointed William L. O'Connell receiver, who accepted this appointment and is the duly authorized and qualified receiver of the Trust Company; that because of this receivership the Central Republic Trust Company is incapable of acting as trustee, and that although default of the mortgagor in the obligations of the trust deed has existed since 1932 the trustee has neglected his duties and has not filed a bill to take the security conveyed by the trust deed. It is pointed out that this allegation is inconsistent with the further allegations that the trustee has

been in possession of the premises since the early part of 1932. Moreover, the trust deed makes it mandatory upon the trustee to institute suit only when properly requested in writing by the holders of not less than 25 per cent in amount of the bonds then outstanding.

The complaint alleges "that more than a reasonable time has elapsed within which said parties should have resigned as Trustee under said Trust Deed." Section 11 of the Banking Act, Ill. State Bar Stats. 1935, ch. 16a, ¶ 11, provides that a receiver of a bank shall "as soon as can reasonably be done," resign on behalf of said banks all trusteeships. This provision is mandatory. *People ex rel. Barrett v. West Side Trust & Sav. Bank,* 280 Ill. App. 308. The complaint does not state how long the receiver held the trust without resigning.

There was also a charge that the continued operation and management of the premises by Central Republic Trust Company as trustee is harmful and dangerous, and that the Chicago Title and Trust Company, named in the trust deed as successor in trust, had been derelict in failing to take possession of the premises. It is properly pointed out that these are conclusions only and that the latter allegation is inconsistent with the previous allegation that neither the Central Republic Trust Company nor the receiver, O'Connell, had resigned as trustee. Manifestly the successor in trust could not act prior to the resignation of its predecessor.

The complaint further alleges, on information and belief, that the "Central Republic Trust Company, by its officers and agents, and City National Bank and Trust Company of Chicago, and the Chicago Title and Trust Company have entered into an agreement whereby the said Central Republic Trust Company is to resign as Trustee and the Chicago Title and Trust Company named as Successor in Trust . . . is also to resign on condition that City National Bank and Trust

Company of Chicago be appointed Successor Trustee.''
In view of the fact that there was a receiver for Central Republic Trust Company, who must resign the trust on behalf of that institution, he must be a party to any agreement for the succession of the trust. But the complaint does not charge that he was a party to this agreement.

There is no charge that the trustee abused its discretion in the exercise of its duties, nor that there was a vacancy in the office, of the trustee or that the named successor in trust is incompetent, nor that there will be any failure of trust if a successor-trustee is not appointed, and there are no charges that the trustee has been guilty of fraud or gross mismanagement. The allegations are very much like those involved in the recent case of *Bauer v. Lindgren,* 279 Ill. App. 397, where it was held that the allegations of the bill were not sufficient to support the findings of the court. The general rule applied to the removal of trustees is that such removal should not be made unless there are acts or circumstances endangering the trust fund, such as mismanagement, incompetency or dishonesty. *Wylie v. Bushnell,* 277 Ill. 484.

The theory of the complaint seems to be that upon the appointment of a receiver for the Central Republic Trust Company, *ipso facto* the trust company became disqualified from performing its duties as trustee and that there was a vacancy. This is not the law. It has been held to the contrary in *Belofsky v. Johnson,* 266 Ill. App. 351, and in the recent case of *Dillon v. Elmore,* 361 Ill. 356, where it was held that the appointment of a liquidating receiver does not cause the actual dissolution of a banking corporation the instant such receiver is appointed, but the corporation continues as a legal entity and the receivership does not automatically create any vacancy in its trusteeships, but the bank's status as trustee is maintained and con-

tinued until the trusteeship has been resigned in its behalf by the receiver, as provided in section 11 of the Banking Act.

The court might properly have sustained the motion to dismiss the complaint as failing to state facts indicating a necessity for the intervention of a court of equity, or could have permitted plaintiff to amend the complaint and make more particular the allegation as to the length of time between the appointment of O.'Connell as receiver of the trustee bank and the date of filing the bill so that the court might determine whether the receiver had failed to resign within a reasonable time. This is upon the assumption that the chancellor in this cause had the power to order the resignation of the receiver. *People ex·rel. Barrett v. West Side Trust & Sav. Bank, supra.*

We fail to understand upon what theory the court appointed a receiver. Plaintiff says that the receiver was not appointed by virtue of any provisions of the trust deed but appointed as a receiver for the trust *pendente lite.* But O'Connell was already the receiver for the trust company, and to warrant the appointment of another receiver for the particular trust required a showing either that there was a vacancy in the trust or that the existing trustee was committing waste or misappropriating the trust property. There was no showing in these respects. The appointment of a receiver ousted the existing trustee and determined in advance the issue raised by the pleadings. It was error for the court to appoint a receiver.

The defendants in their answer alleged that they were the owners and holders of bonds and interest coupons secured by the trust deed in question in the amount of $97,300, out of an outstanding principal indebtedness of $104,500. They deny that plaintiff is a bona fide owner of three bonds of $100 each, as she alleged, and defendants assert that she purchased the

certificate of deposit representing these three bonds from a broker subsequent to the default of the bonds for the price of 10 cents on the dollar, and that such purchase was made within approximately 30 days prior to the institution of these proceedings, and that this purchase was made for the purpose of instituting these proceedings and gaining control of the property involved.

These allegations raised a vital question as to the bona fide ownership by plaintiff of the bonds and her right to maintain this suit, which should have been considered by the court. In *Bauer v. Lindgren, supra,* which was a suit to remove the trustee and appoint a receiver, the court refused to disturb the possession of a trustee upon a bill by an alleged holder of one bond. In *American Trust & Safe Deposit Co. v. 180 East Delaware Bldg. Corp.,* 262 Ill. App. 67, this court denied the right of a petitioning bondholder to intervene, saying that courts should be slow to interfere with trustees at the instance of a comparatively small number of minority bondholders. In *Guaranty Trust Co. v. Chicago, M. & St. P. Ry. Co.,* 15 F. (2d) 434, it was said: "They (the courts) will be equally vigilant to see that dissenting bondholders be not permitted to create a *maneuvering value* in their bonds." See also *Myers v. American Nat. Bank & Trust Co.,* 277 Ill. App. 378. Counsel for the defendants aptly suggest that this is a case where "the client does not beget the litigation but that the litigation begets the client." We hold that the chancellor should have investigated the right of plaintiff to file her complaint, and if the defendants' allegations in this respect are true, should have dismissed the complaint.

As above noted, the trust deed provides that the right to proceed under the trust deed is vested primarily exclusively in the trustee—"and under no circumstances shall the holder of any Bond or Interest

Coupon have the right alone or with other holders, to institute any action at law or any suit or proceeding in equity for the purpose of enforcing any payment, covenant or remedy herein or in said Bonds contained or to foreclose this Mortgage, unless Trustee shall, after thirty (30) days' request in writing by holders of not less than twenty-five per cent (25%) in amount of the outstanding Bonds and upon having been tendered satisfactory indemnity, have refused to take the action requested or other appropriate action.'' Inasmuch as plaintiff, the holder of bonds amounting to $300, even if a bona fide holder, could not possibly exert any valid pressure upon the trustee to take any action, her right to bring this proceeding to have a receiver and successor-trustee appointed in face of the opposition of 93 per cent of the bondholders is not apparent.

Pending these proceedings the Chicago Title and Trust Company, which was named as successor in trust, filed on April 15, 1935, its refusal to accept its appointment as successor-trustee, and on May 23, 1935, receiver O'Connell filed his resignation of the trust on behalf of the trustee bank. This resignation was pursuant to an order entered by the chancellor in this court. Whether the chancellor had power so to order is not important at present. The resignation of the receiver was effective as of the date it was made. There thus occurred a vacancy in the trusteeship and the court could properly appoint a successor-trustee.

Plaintiff asked for the appointment of Howard K. Hurwith as successor in trust; defendants, together with the owner of the equity, asked that the City National Bank and Trust Company of Chicago be appointed successor-trustee; the chancellor appointed Hurwith and defendants argue it was an abuse of discretion for the court to appoint an individual trus-

tee contrary to the desire of a majority of the bond-holders and the owner of the equity. It is clear from a reading of the trust deed that the right of an individual bondholder to act is denied. Primarily the right of action is in the trustee. If the trustee fails to act the trust deed in many provisions gives an alternative right to act to not less than 25 per cent of the bondholders. In no instance is the right to enforce any covenant given to an individual bondholder whose holdings do not represent at least 25 per cent of all outstanding bonds. From these provisions it is clear that it was the intention of the mortgagor and the bondholders that control should be vested, not in an individual bondholder, but in a representative body. Such agreements have been approved by the courts. *Pearlman & Co. v. Lincoln-Belmont Bldg. Corp.,* 251 Ill. App. 135; *Kobs v. Kraemer Bldg. Corp.,* 266 Ill. App. 597 (Abst.). While these provisions are not binding upon the chancellor, yet they should be given great weight. The discretion of a chancellor in such a case is not an arbitrary discretion but is subject to well known and clearly defined rules. In *Steger v. Northen,* 229 Ill. App. 529, it was said that courts should always give due weight to the wishes of those chiefly interested and that the courts will have regard to the wishes of the person by whom the trust has been created if expressed in the instrument or clearly to be collected from it.

Defendants by their answer assert that the Central Republic Trust Company as trustee had been in possession of the premises up to the time of the appointment of a receiver by the court, had managed the premises in a careful and proper manner, conserving the income therefrom, and had made large payments on delinquent taxes on the premises; that because of the prompt and proper action taken by the trustee no receiver was ever appointed for the premises; they fur-

ther assert that they were formerly officers or employees of the Central Republic Trust Company and are acquainted with the property and with the problems relating to the reorganization thereof; that they hold 93 per cent of the outstanding unpaid bonds; that they are now officers or employees of the City National Bank and Trust Company of Chicago, a duly authorized trust company authorized to execute trusts in the State of Illinois, and well qualified and best fitted to carry on the duties of trustee, originally imposed upon the Chicago Trust Company as trustee under the trust deed; they deny that there was any agreement or conspiracy, as charged by plaintiff, to exclude any persons or corporations to act as successor-trustee; they asserted that if an independent trustee were appointed, because of his or its inexperience and lack of acquaintance with the situation greater expense would result to the bondholders than if the City National Bank should be appointed as successor-trustee.

The owner of the equity, Alpha L. Eberhart, filed his answer, representing that the management of the property by the Central Republic Trust Company as trustee has been efficient and economical and for the benefit of the bondholders and himself, and that the income of the premises has been wholly applied to the operation of the building, the payment of delinquent taxes and the installation of certain necessary equipment; that he has been in negotiation with the bondholders' committee through City National Bank and Trust Company of Chicago for a reorganization and that a plan to this end has been formulated and is about to be submitted, under the terms of which the security and rights of the bondholders and himself will be equitably preserved, and that in view of the progress of this plan of reorganization through the instrumentality of City National Bank and Trust Company he represents that it would be to the best inter-

ests of himself, as the owner of the equity, and of the owners of the outstanding bonds, that the City National Bank and Trust Company of Chicago be appointed successor-trustee under said trust deed.

The duties of a trustee of a land trust after default in the payment of the mortgage indebtedness consist largely in acquiring the property, operating and conserving it during the period of acquisition, and aiding in the disposal of it to the best advantage of all parties concerned. Such duties necessarily call for personal negotiations with a large number of persons who have various interests in the property. For this reason the perpetuation of the trusteeship is highly desirable. Unless there are some serious objections by a substantial number of the interested parties there is no reason for appointing a trustee unfamiliar with the problems and circumstances confronting him. In *In re Estate of Beckwith v. Cooper,* 258 Ill. App. 411, the court said that where the appointment of a particular person will engender ill-feeling and prevent beneficial co-operation in the administration of the trust, the appointment should not be made, citing *Lorenz v. Weller,* 267 Ill. 230.

Plaintiff says that the court was justified in selecting a trustee of its own because the parties could not agree upon a suitable person. It is doubtful whether the selection made can be called the selection of the court alone. The person appointed was proposed by plaintiff. From an exhibit attached to a petition subsequently filed by plaintiff it appears that the individual bondholders were polled and asked to state their preference as to a successor-trustee. No one resisted the selection of City National Bank and Trust Company by the bondholders' committee and the owner of the equity, or suggested the appointment of another trustee. The court seemed to have acted upon the objections made in argument by plaintiff's attorneys.

In view of her doubtful standing in court and her meager interest, these objections should not have influenced the court. We hold that it was an abuse of discretion to appoint Howard K. Hurwith successor-trustee in opposition to the expressed recommendation and desires of the owner of the fee and the holders of 93 per cent of the outstanding bonds, and that the chancellor should, in accordance with this request, have appointed the City National Bank and Trust Company of Chicago as successor-trustee. *Strauss v. Rogers Park Bldg. Corp.,* 281 Ill. App. 612 (Abst.).

Attorneys for the plaintiff asked for and were allowed, out of the estate, $2,500 as their fees in the matter. The claim of $2,500 attorneys' fees to protect an investment by the client of $30 rather suggests that the fees were the main objective motivating the litigation. *Highley v. Deane,* 168 Ill. 266, involved the question whether the costs of a receivership improperly ordered should be taken from the receivership funds. The court held that this should not be, saying: "Such a rule would imply that an innocent party, after vindicating his right to his property, might have it taken to pay an expense resulting from the wrongful act of the defeated party. Where the receivership is procured under the assertion of an unjust and wrongful claim, as finally found by the court, and the receiver is authorized to take possession of the property of another on such wrongful assertion, the court can protect the injured party by returning the property of which he was divested without its being diminished to pay receiver's charges."

In *McAnrow v. Martin,* 183 Ill. 467, a receiver improperly appointed was denied compensation for himself and for his attorney, the court holding that the attorney must look to the person who employed him for compensation. *Feldman v. Illinois State Pawners Ass'n,* 279 Ill. App. 476, held that the receiver improp-

erly appointed should look to the plaintiff for his compensation and fees.

Applying the principle of these cases, we hold that the court should not have allowed the claim of plaintiff's attorneys for fees. The record tends to support the charge that the proceedings were not instituted in good faith to secure any rights of the plaintiff, but rather to obtain attorneys' fees. There is ground for the suggestion that the proceedings are champertous in nature.

For the above reasons the orders appointing Howard K. Hurwith receiver and successor-trustee, and the order for the payment of attorneys' fees for the attorneys for plaintiff are reversed; the request to appoint the City National Bank and Trust Company of Chicago successor-trustee should have been allowed; the cause is remanded for further proceedings consistent with what we have said in this opinion.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.