### John H. Dalton v. Edwin J. Zimmer, Receiver.
#### Gen. No. 12,867.

1. RECEIVER—*when fees of, should be paid from funds in his possession.* A receiver should not be permitted to reimburse himself and pay his counsel from funds in his hands where he was improperly appointed at the instance of the complainant and such funds were derived from the property of the defendant.

Dalton v. Zimmer.

2. FINAL ORDER—*what not for purposes of review.* An order fixing the compensation of a receiver and his counsel, and ordering it to be paid out of funds in his possession, is not final and appealable where the cause in which it is entered remains undisposed of.

Bill for accounting, etc.    Error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1905.    Writ of error dismissed, January 15, 1907.    Rehearing denied; opinion modified and refiled, February 19, 1907.

**Statement by the Court.**    One George E. Krapf filed his bill of complaint in the Circuit Court July 1, 1902, alleging, *inter alia,* that he was a resident of St. Louis, that he had entered into an agreement with John H. Dalton of Chicago to form a copartnership in a patent medicine mail order business for the purpose of selling an artificial ear drum, which business was carried on under the firm 'name of ''Aural Clinic,'' and that Dalton had been guilty of certain misconduct, praying for an accounting and the appointment of a receiver without notice to take charge of the copartnership books of account, the cash and other property, collect money due the firm and conduct the business pending a final accounting.    The Circuit Court thereupon appointed Edwin J. Zimmer receiver, requiring of him a bond of $1,000.    Dalton answered the bill, denying any copartnership between him and the complainant, denying the misconduct charged in the bill, and alleging that complainant was merely employed by him on a salary which had been paid.

Twenty-two days thereafter the court entered an order authorizing said receiver to employ an assistant at $10 a week, a custodian at $5, these sums to be paid out of the money in the receiver's hands, and further allowed the receiver $300 for his solicitor's fees and $300 more for his own services, to be taken out of the funds in his hands as such receiver.    Five days later, July 28, these orders were, on motion of defendant Dalton, stayed, and August 19, an order was en-

tered requiring the receiver to give an additional bond in the sum of $3,000, which order said receiver, so far as appears, has never complied with.

The cause was referred to a master to take proof and report the same with his conclusions. Meanwhile, November 18, the receiver Zimmer seems to have filed some kind of a report, for on that day the Circuit Court ordered it approved and confirmed, and further ordered that the receiver pay his solicitor $600 for his services, that the receiver be allowed $600 for his own services, all to be paid out of the money in his hands as receiver, and that the said receiver be discharged, his bond canceled and the sureties discharged; to all of which the defendant Dalton objected, the objection being "overruled and exception saved," as the record states.

The following July the master filed his report, finding that the agreement made by the defendant with the complainant "did not constitute a partnership, but amounted to a contract of hiring," that at no time was the complainant recognized or held out to the public as owner of the business, either wholly or in part, that April 18, 1902, the complainant elected to terminate his relations with the defendant and thereupon seized certain books, papers and other effects of the defendant used in the business at Chicago, and secretly departed for St. Louis. The master recommended that the receiver be discharged, the injunction against complainant dissolved and the bill dismissed for want of equity. Complainant's exceptions to this report were overruled and the report was "ratified, confirmed and approved Oct. 30th, 1903."

On January 16 following the Circuit Court entered an order finding that the report before filed by receiver Zimmer November 18, 1902, was lost, and ruling said Zimmer to restore his said report and account as receiver within thirty days. The receiver did not comply with this order, and in April following the

cause was referred to a master to examine witnesses and ascertain the whereabouts of the lost report. This reference was afterward enlarged directing the master, in case said missing report was lost, to take evidence as to its contents and report the same with his conclusions. This the master did, reporting that the report and account were before the court November 18, 1902, and were then approved, but that the report could not be found nor any copy of it. The master further reported that said lost report and account showed total receipts by the receiver of $4,400, that the receiver took $300 of this for his services and paid $300 to his solicitor, which, together with his expenses in running the business, reduced the amount in his hands as receiver to $1,050 at the time of filing his said report November 18, 1902; and that pursuant to that order of court the receiver applied the balance of $1,050 then in his hands to the payment of $600 to himself and $600 to his solicitor, leaving something still due these gentlemen after the whole of the receipts coming into the receiver's hands during the few months Zimmer acted as receiver had been absorbed.

It appears that no order has as yet been entered dismissing the bill as the master's report recommends.

BENSON LANDON, for plaintiff in error.

JACOB W. LOEB and SIGMUND E. LOEB, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is sought by this proceeding to reverse the order of November 18, 1902, authorizing the receiver to apply the money in his hands in payment of his own and his solicitor's fees and approving the receiver's report of that date showing previous payments to himself and said solicitor out of what the court finds to be defendant's money. That the allowance of these payments

out of the defendant's money was erroneous may very well be true. In Hughes v. Link Belt Machinery Co., 95 Ill. App. 323-327, we said: "It appearing that the appointment of the receiver was improperly procured, his costs and disbursements were chargeable to appellee who, as complainant in the suit, procured the receiver's appointment," citing McAnrow v. Martin, 183 Ill. 467 (473); Highley v. Deane, 168 Ill. 266 (272). In the last of the above cases it was said: "Where the receivership is procured under the assertion of an unjust and wrongful claim as finally found by the court and the receiver is authorized to take possession of the property of another on such wrongful assertion, the court can protect the injured party by returning the property of which he was divested without its being diminished to pay receiver's charges," citing Weston v. Watts, 45 Hun. 419; French v. Gifford, 31 Iowa, 228; Verplanck v. Mercantile Ins. Co., 2 Paige, 438; Radford v. Folsom, 55 Iowa, 295. In Link Belt Machinery Co. v. Hughes, 195 Ill. 417, it is said (p. 419): "A court of equity having by its receiver taken possession of appellee's property, and having by its orders taken his rights under its protection, is bound to protect them without driving him to a suit at law to enforce such rights." In Standish v. Musgrove, 223 Ill. 500 (504), it is well said that "a court should closely scrutinize the accounts of a receiver before approving them. The inclination to be liberal with other people's property is too well known to be overlooked."

But while it may be that the order complained of was erroneously entered, that the receiver is not entitled to be paid for his services as receiver out of the complainant's funds and that the Circuit Court is, as said by the Supreme Court, "bound to protect" the defendant's rights "without driving him to a suit at law to enforce such rights" against either the receiver, the latter's solicitors or the complainant, the order in question is clearly not a final order in the cause and therefore not appealable, nor subject to reversal upon

writ of error.  The bill is still pending in the Circuit Court which doubtless will take appropriate action upon proper application.  We are compelled therefore to dismiss the writ of error.

*Writ of error dismissed.*