931 F.2d 895
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Neil F. HARTIGAN, Attorney General of Illinois, Plaintiff-Appellee,
v.
George PETERS, doing business as MGM Motors and
individually, Defendant-Appellant.
 No. 90-1573.
 United States Court of Appeals, Seventh Circuit.
 Argued March 1, 1991.
Decided April 19, 1991.
 
 Before POSNER, FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 George Peters appeals the decision of the district court to award more than $6,000 in fees to Robert E. Gordon, an attorney the district court appointed receiver for Peters' assets pursuant to an Illinois consumer fraud statute. We affirm.
 
 I.
 
 2
 The Illinois Attorney General in 1987 charged Peters with violating federal odometer statutes and the Illinois Consumer Fraud and Deceptive Business Practices Act. Peters was accused of purchasing used cars, rolling back the odometers, and selling them to unsuspecting purchasers under a variety of assumed names. On March 3, 1987, the district court granted the attorney general's motion for a preliminary injunction preventing Peters from buying or selling cars, withdrawing or transferring money from his known bank accounts, destroying or disposing of any property, and spending any amount of money greater than $100. The court also appointed a receiver to find and control Peters' assets.
 
 
 3
 Peters failed to timely appeal that order, but six months later moved to vacate the injunction and dissolve the receivership. The district court denied the motion on February 25, 1988, and Peters appealed. Subsequently in People of State of Ill. ex rel. Hartigan v. Peters ("Peters I "), 861 F.2d 164 (7th Cir.1988), we held that this court had jurisdiction to consider the denial of the motion to vacate the receivership. In People of State of Ill. ex rel. Hartigan v. Peters ("Peters II "), 871 F.2d 1336 (7th Cir.1989), we reversed the preliminary injunction and receivership appointment as overbroad because they tied up assets and prevented activity that was not related to the alleged fraud. On remand the parties settled. Roberts petitioned the court for receiver's fees, and was awarded $6,126.25 plus $155.20 in expenses. Peters appeals the order, arguing that he should not be forced to pay fees to an invalidly appointed receiver, and that Roberts had a conflict of interest. With the Illinois Attorney General's office out of the case, Roberts was forced to personally defend his fee award on appeal.
 
 II.
 
 4
 Peters' primary argument is based on the mistaken conclusion that the receiver was "wrongfully appointed." Peters reads our decision in Peters II to mean that "no receiver should ever have been appointed in the first place." Thus, he argues, if Roberts is owed money for his services, it should not come out of Peters' bank account. Peters cites several cases along the lines of McAnrow v. Martin, 56 N.E. 168, 170 (Ill.1899), which held that "[w]hen the appointment of the receiver ... is without authority of law, the receiver must look for his fees and compensation to the complainant in the suit, upon whose application he was appointed." See also Firebaugh et al. v. McGovern, et al., 82 N.E.2d 832, 834 (Ill.App.1948).
 
 
 5
 However, a closer reading of Peters II makes clear that we did not take issue with the appointment of a receiver under the statute. Rather, we reversed based on the breadth of the appointment. Because of the case's procedural posture, we ordered the district court to reconsider its decision to deny the motion to vacate the receivership. We did not, however, order the court to immediately grant Peters' motion to vacate, and that is because we clearly intended for the district court to enter a new order limiting the receiver to controlling Peters' assets that were linked to the alleged fraudulent activity. We noted only that our order "may undermine the terms of the injunction and receivership," and held that
 
 
 6
 [w]e therefore reverse and remand in part to allow the district court to reconsider the denial of the motion to dissolve the injunction and vacate the receivership and to modify the scope of the injunction and receivership accordingly.
 
 
 7
 Peters II, 871 F.2d at 1339 (emphasis added). We concluded by ordering the district court "to reassess in light of our decision its denial of the motion to dissolve the injunction and vacate the receivership." 871 F.2d at 1346.
 
 
 8
 We therefore reject Peters' suggestion that the Illinois Attorney General's office pay Roberts' fees. Implicit in our earlier decision is the proposition that the district court was correct to enter an injunction and appoint a receiver, although with a reduced scope.
 
 
 9
 Peters' other two arguments for reversal are devoid of merit. His argument that Roberts had a conflict of interest because he served part-time as a special assistant attorney general for the state of Illinois is frivolous. There is no evidence that Roberts was not impartial. Judge Parsons was aware of and queried Roberts about his occasional work for the state, and was satisfied that Roberts could impartially serve as receiver. So are we. Peters also contends that he should have been able to voir dire Roberts about the amount of expenses. He fails to provide any evidence that Roberts' fees were unreasonable, and the record indicates that Peters' refusal to cooperate with Roberts' investigation of his assets contributed greatly to the total. The ruling of the district court is
 
 
 10
 AFFIRMED.