IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LINDEMAN BROS., INC. a foreign corporation, | ) ) ) | No. 39641-0-III |
| Plaintiff, | ) ) | |
| MICHIKO N. STEHRENBERGER | ) ) | UNPUBLISHED OPINION |
| Appellant, | ) ) | |
| v. | ) ) | |
| PACIFIC RECYCLE, L.L.C.; GREG S. HULSEY; and ERIK E. HIGHBERG and JANE DOE HIGHBERG, husband and wife, | ) ) ) ) ) | |
| Respondents. | ) ) ) | |

FEARING, J. — Litigation characterizes the relationship between Erik Highberg

and Michiko Stehrenberger, at least since the time when Stehrenberger ended her services

as a paralegal for Highberg. In this appeal, Stehrenberger asserts error in the superior

court's vacation of a judgment, against Highberg, assigned to her as successor judgment

creditor. We affirm the superior court's vacation of the judgment on equitable grounds,

but only because we rule that Highberg cannot challenge the accuracy of the amount he

paid to obtain the satisfaction of judgment.

FACTS

This lawsuit begins with a debt owed by a business owned by Erik Highberg to another business. On April 4, 2008, the superior court entered a judgment in favor of Lindeman Bros., Inc. and against Pacific Recycle, LLC, Highberg, and Highberg's wife. The judgment reads:

> Plaintiff, LINDEMAN BROS., INC., a foreign corporation, has judgment against the Defendants, PACIFIC RECYCLE, LLC; and ERIK E. HIGHBERG and JANE DOE HIGHBERG, husband and wife, in the amount of $99,259.94, plus interest at the rate of 8.5% per annum from 10/20/03 to 8/1/07 in the amount of $ 31,136.34, plus interest at the rate of twelve percent (8.5%) per annum from August 1, 2007 to December 20, 2007 in the amount of $3,282.37, plus contractual Attorney's fees in the amount of $11,672.00 and costs in the amount of $340.50, for a total judgment of $145,691.15. This judgment shall bear interest at the rate of twelve percent (12%) per annum, from the date of entry until satisfied.

Clerk's Papers (CP) at 2.

On February 18, 2017, Lindeman Bros. assigned the 2008 judgment to Michiko Stehrenberger. On March 27, 2018, the superior court entered an order renewing the 2008 judgment. The order pegged the total judgment amount, as of March 20, 2018, at $320,543.36. The order recognized Stehrenberger as the assignee of the judgment creditor.

On July 2, 2019, Charles Carroll wrote to Michiko Stehrenberger by e-mail. The message indicated that he represented a party wishing to acquire Stehrenberger's interest in the 2008 judgment. He added that his client would pay the full amount due on the judgment debt. Carroll did not disclose then that his clients were the parents of Erik Highberg. The parents wanted Stehrenberger to assign the creditor's interest in the judgment to them rather than Stehrenberger to sign a satisfaction of judgment.

In a July 11, 2019, responsive e-mail to Charles Carroll, Michiko Stehrenberger stated the amount owed on the judgment was $269,428.03. She added that Erik Highberg owed another debt of $125,473.98, which she wished paid at the same time. Stehrenberger ended the e-mail:

> In the meantime, I am still working with the other factors (tax planning, details with the other assignee arrangement, etc).
> I confirm once again that post-judgment interest has been halted as of July 10 while I do this. I will take the steps to pause the writs while we finalize the details.

CP at 65.

Also, on July 11, Charles Carroll attached a satisfaction of judgment and an assignment of judgment to an e-mail sent to Michiko Stehrenberger. Carroll indicated that his clients would accept either document. He added that Stehrenberger would "be paid the full balance due in either case." CP at 64. Carroll directed Stehrenberger to sign either document and send the signed document by overnight mail. He ended his e-mail:

3

Payment will [be] wired as soon as possible following my receipt of the document.

CP at 64. That same day, Stehrenberger confirmed receiving the documents and added that she stopped charging judgment interest on July 10.

On July 22, 2019, Michiko Stehrenberger wrote to Charles Carroll that she did not want Carroll to forward the signed satisfaction of judgment or assignment of judgment to his clients before she received the $269,428.33. On July 23, 2019, Carroll sent a letter to Stehrenberger by post:

This is to confirm the arrangements made by us via recent e-mail correspondence for the full satisfaction of judgment in the above-referenced case. You have agreed to send to me by overnight courier executed satisfactions of judgment for both Washington and Idaho (where the judgment was filed as a foreign judgment) and I have agreed, upon receipt of those documents, to send to you by wire transfer the full amount of the outstanding judgment balance. I understand that amount to be $269,428.03 plus the overnight courier expense and your incoming wire fees.
I hereby confirm that the satisfactions that you are to transmit to me will not be released, recorded, filed or used for any purpose whatsoever until I have received confirmation of receipt of the payoff funds from you or my bank confirms delivery of the wired funds.

CP at 80.

On July 23, Michiko Stehrenberger signed the satisfaction of judgment and sent it overnight to Charles Carroll. The satisfaction read:

WHEREAS plaintiff obtained judgment against defendants Pacific Recycle, LLC and Erik E. Highberg and Jane Doe Highberg, husband and wife, on April 4, 2008, and the judgment having been duly assigned to the

4

undersigned Michiko Natalie Stehrenberger, and said judgment having been paid and fully satisfied; NOW THEREFORE, full satisfaction of judgment is hereby acknowledged and the clerk of the court is hereby authorized and directed to cancel, fully satisfy and discharge the judgment.

CP at 8-9.

On August 2, 2019, Charles Carroll, attorney for Erik Highberg, wired a payment in the amount of $269,485.20. Carroll also recorded the satisfaction of judgment. In an e-mail to Michiko Stehrenberger, Carroll confirmed the wiring of the money. He added:

Erik Highberg has requested that I communicate to you that the payment does not in any way waive any rights and remedies that may be available to him to contest the accuracy of the amount paid.

CP at 88. In the earlier communications between Stehrenberger and Carroll, Carroll never disclosed that Highberg intended to reserve any claim that the $269,485.20 was incorrect.

On August 2, 2019, Michiko Stehrenberger emailed Charles Carroll:

Received your latest message and it is of great concern.
I'd asked for you to wait to file/record the Satisfactions until after I receive documentation from Erik by this coming Monday by noon, if he chooses to provide documentation to challenge the dollar amount of the judgment in the eleventh hour, despite all other terms already having been finalized between us.
Frankly, it's a bit strange, since you have already made a written offer for a specific dollar amount in your July 23 confirmation letter (attached), and I had already accepted that dollar amount, and I relied upon that dollar amount being the final amount in agreeing and providing the notarized Satisfactions to you.

No. 39641-0-III
*Lindeman Bros., v. Pacific Recycle, LLC*

> In reviewing your confirmation letter, there is no mention whatsoever made for any possibility of adjustments downward from the dollar amount you offered. It is therefore improper for Erik to attempt to modify the agreement between us after the fact.

CP at 90.

On August 12, 2019, Michiko Stehrenberger filed a document entitled "Notice of Filing of Materially False and Falsely-Procured Satisfaction of Judgment; Revocation and Affidavit in Support of Reinstatement of Judgment" (notice of fraud). CP at 11. In the notice of fraud, Stehrenberger wrote that Charles Carroll, who represented that he acted on behalf of judgment debtor Erik Highberg, contacted her to procure the satisfaction of judgment. Stehrenberger added that Highberg demanded that she sign the satisfaction of judgment knowing it falsely stated that the judgment had been satisfied. According to Stehrenberger, Carroll threatened to sue her if she declined to sign the satisfaction of judgment, so she signed fearing suit. Stehrenberger conceded that she received partial payment on August 5, 2019. At the conclusion of the notice of fraud, Stehrenberger wrote:

> Ms. Stehrenberger HEREBY REVOKES her signatures on the July 23, 2019 *Satisfaction of Judgment*. Satisfaction of judgment is therefore NOT acknowledged and the clerk of the court is NOT authorized and NOT directed to cancel, fully satisfy or discharge the judgment based upon the July 23, 2019-notarized Satisfaction of Judgment, as the document was falsely procured and any intentional filing or recording of a false document is a felony and in violation of RCW 40.16.030. Ms. Stehrenberger has revoked her signature on the July 23, 2019-notarized Satisfaction of

6

> Judgment, and requests that the clerk NOT enter satisfaction of judgment. Ms. Stehrenberger additionally reserves her right to have the judgment reinstated as necessary.

CP at 13 (boldface omitted) (emphasis in original). On August 12, Stehrenberger filed an affidavit in support of the notice of fraud.

On May 26, 2021, Erik Highberg applied for the refinance of his home loan. On June 29, 2021, the lender notified Highberg that he needed to satisfy the 2008 judgment before approval of refinance.

PROCEDURE

On April 29, 2022, Erik Highberg filed a motion and accompanying declaration to vacate the 2008 judgment. In his motion, he sought damages against Michiko Stehrenberger because of her filing the notice of fraud and refusing to recognize the satisfaction of judgment. On July 29, 2022, Stehrenberger filed a motion to redact. Stehrenberger requested that the trial court redact Highberg's filing of her bank account number contained in his declaration and her signature from the July 23, 2019 satisfaction of judgment.

After entertaining oral argument, the trial court, on September 14, 2022, denied Erik Highberg's motion to vacate. In its written order, the court wrote that questions of fact required an evidentiary hearing. The trial court granted Michiko Stehrenberger's motion to strike her bank account number from pleadings but denied the motion to strike

Stehrenberger's signature from the satisfaction of judgment. The superior court mandated that Highberg file an amended declaration identical to his first but without Stehrenberger's private bank account information.

The superior court transferred the pending motions to another judge. The new superior court judge notified the parties that it would, on February 17, 2023, resolve Erik Highberg's motion to vacate the 2008 judgment without testimony or oral argument. Thereafter, Highberg and Michiko Stehrenberger filed additional declarations and other pleadings. Neither party objected to the superior court resolving the motion without taking evidence or entertaining argument.

In a February 21, 2023, letter ruling, the superior court granted Erik Highberg's motion to vacate the 2008 judgment. The court concluded that Highberg had satisfied the judgment. Also, the ongoing conflict between the parties justified the vacation of the judgment on equitable grounds. The court denied Highberg an award of damages.

## LAW AND ANALYSIS

Michiko Stehrenberger appeals the trial court's decision to vacate the 2008 judgment. She claims the judgment should not have been vacated because Erik Highberg did not pay the full amount owed on August 5, 2019, of $270,587.33. Highberg only paid $269,485.20. She impliedly argues that Highberg owes more interest on the pending judgment. Stehrenberger also argues Highberg untimely brought his motion to vacate.

Because she signed a satisfaction of judgment, she asks that the satisfaction be stricken. Finally, Stehrenberger asks this court to grant her reimbursement of expenses incurred as a result of Highberg disclosing her bank account number in his pleadings.

We decline to review Michiko Stehrenberger's contention that the motion to vacate was untimely because any reversal of the vacation of the satisfaction of judgment would lead to an active judgment. But on other grounds, we conclude that Erik Highberg satisfied the judgment with his payment of $269,485.20. Regardless of whether the superior court vacates the judgment or Stehrenberger satisfies the judgment, the practical effect remains the same.

The parties reached an agreement that Erik Highberg would pay $269,485.20 to satisfy the judgment. Michiko Stehrenberger expressly waived interest accruing after July 10, 2019. She did not place any deadline on the payment of the amount. In her message to Charles Carroll, after receiving the wire transfer, she complained about Highberg seeking to claw back money, not about any untimely payment. When the creditor receives late payment on an agreement without time being of the essence, the debtor satisfies the debt. *Harrison v. Puga*, 4 Wn. App. 52, 61, 480 P.2d 247 (1971).

Erik Highberg never hinted to Michiko Stehrenberger that he wished to retain the right to challenge the amount owed until after his counsel wired the money to Stehrenberger. When a party pays a debt with full knowledge of earlier payments, that

9

party cannot later seek recovery for alleged overpayment. *Fred C. Kramer Co. v. Hebard Storage Warehouses*, 336 Ill. App. 150, 82 N.E.2d 832 (Ill. App. Ct. 1948).

If we sat as superior court judges, we might have confirmed, by an order, a satisfaction of the 2008 judgment rather than vacating the judgment. But because of the ongoing conflict between the parties, we decline to hold that the superior court abused its discretion when vacating the judgment. Vacation of a judgment under CR 60(b) is within the trial court's discretion. *State v. Santos*, 104 Wn.2d 142, 145, 702 P.2d 1179 (1985). The reviewing court will overturn the trial court only if it plainly appears that its discretion has been abused. *Housing Authority of Grant County v. Newbigging*, 105 Wn. App. 178, 185, 19 P.3d 1081 (2001). The superior court, under CR 60(b)(6), may provide post-judgment relief to solve problems arising under a judgment that have continuing effect, when a change in circumstances after the judgment makes it inequitable to enforce the judgment. *Metropolitan Park District of Tacoma v. Griffith*, 106 Wn.2d 425, 438, 723 P.2d 1093 (1986).

Michiko Stehrenberger does not identify in the record any ruling by the superior court that denied an application by her for expenses incurred in removing her bank account number from clerk pleadings. Therefore, this court has no order to review. We decline to address Stehrenberger's request for reimbursement of expenses.

No. 39641-0-III
*Lindeman Bros., v. Pacific Recycle, LLC*

CONCLUSION

We affirm the superior court's vacation of the judgment. Erik Highberg has waived any right to reimbursement for alleged overpayments on the judgment.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Murphy, J.

_____
Staab, A.C.J.

11